(85 South. 202)

No. 22682.

## HARDIN v. HIGGINS OIL & FUEL CO.

(May 31, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⚖️387—**Employé compensated for loss of finger cannot recover for temporary total disability.**

An employé who has lost a finger other than the index finger and who has received half wages for 20 weeks, the compensation for such loss fixed by Employers' Liability Act, § 8, subsec. "d," as amended by Act No. 243 of 1916, is not entitled to compensation for temporary total disability under subsection "a" of said section.

2. **Master and servant** ⚖️405(6)—**Evidence held insufficient to show permanent partial disability within Compensation Act.**

Evidence *held* insufficient to prove that employé was suffering with a permanent partial disability, beyond the loss of one finger for which he had received compensation, by reason of stiffness of two other fingers so as to entitle him to compensation, under Employers' Liability Act, § 8, subsec. "c," as amended by Act No. 243 of 1916.

Appeal from First Judicial District Court, Parish of Caddo ; J. R. Land, Judge.

Action by Van D. Hardin against the Higgins Oil & Fuel Company. Judgment for plaintiff, and defendant appeals. Reversed, and action dismissed.

J. S. Atkinson, of Shreveport, for appellant.

Barret & Files, of Shreveport, for appellee.

SOMMERVILLE, J. Plaintiff alleged that while in the employ of the defendant company he received injuries to his hand, necessitating the amputation of his middle finger, and permanently injuring and crippling two other fingers, which rendered his hand permanently useless ; that during the course of his employment, through the negligence and carelessness of the defendant company, he was totally disabled for 23 weeks, and permanently partially disabled thereafter, and he asks for judgment in the sum of $230 for total disability, with a credit of $200 paid thereon by defendant, and for the further sum of $2,770 for permanent partial disability. (The last claim for injuring and crippling two fingers is more than the compensation allowed in the act for the loss of a hand, say $10 per week for 150 weeks.)

Defendant answered, and admitted that plaintiff, while in its employ, received injuries to the middle finger of his hand, which finger was amputated, but specially denied that he received any other injuries to his hand, or any injuries permanently injuring and crippling two other fingers ; further, it denied that his hand had been rendered useless by reason of the injury sustained, and alleged that it had paid plaintiff the sum of $200, being $10 for 20 weeks, for injury to his middle finger and the loss of same. It denied that plaintiff had sustained other injuries to his hand or fingers.

There was judgment in favor of plaintiff for $230, being $10 per week for 23 weeks during total disability of the plaintiff to do any work, less $200 paid on account, and in the further sum of $1,050, being $3.50 per week for 300 weeks for "total disability." Defendant has appealed.

That portion of plaintiff's claim "for total disability," $230, was apparently made under section 8, subsec. (a), of the Compensation Act No. 20 of 1914, p. 44, as amended by Act No. 243 of 1916, p. 512. It provides:

"(a) For injury producing temporary total disability to do work of any reasonable character fifty per centum of wages, subject to a maximum compensation of ten dollars per week and a minimum compensation of three dollars per week," etc.

But we find in subsection (d) it is provided:

"In cases included by the following schedule the compensation shall be as follows: * * * For the loss of a first finger, commonly called

the index finger, fifty per centum of wages during thirty weeks.

"For the loss of any other finger, or a great toe, fifty per centum of wages during twenty weeks," etc.

[1] And, as plaintiff's suit is brought under this act, and he has lost one of his fingers, other than the first finger, he is only entitled to half wages for 20 weeks; and this amount he admits he has received from defendant company. He has no claim under subsection (a), which provides for temporary total disability.

[2] Plaintiff's claim for $2,770 "for permanent partial disability" is made under subsection (c) of section 8, and it reads as follows:

"For injury producing permanent partial disability, the compensation shall be one-half of the difference between the wages of the injured employé before the injury and the wages which he is able to earn thereafter subject to a maximum of ten dollars per week to be paid for the period of disability not exceeding 300 weeks."

A claim under this section was allowed by the court in Mack v. Legeai, 144 La. 1017, 81 South. 694, for injury to a servant's knee which caused a permanent partial disability.

The district judge found that the first and third fingers on plaintiff's right hand were stiff because of the injury to the middle finger and the amputation thereof, and that the injury produced permanent partial disability, and gave judgment under the above subsection (c).

Plaintiff was the only witness on his behalf. After testifying to the manner in which he received the accident to his middle finger and the amputation thereof, he was asked about the condition in which his hand had been left after the amputation, and he replied: "Well, about the best I can do is to show you my hand." And he testified that he could not do the work of derrick man, which position he had been occupying at the time of the accident. He further said that

the condition of his hand unfitted him permanently for the work that he had been doing, and that two of his fingers were now stiff. On cross-examination he said that his fingers were stiff "to a certain extent," but that they were not "completely stiff," and that they were "going to stay permanently injured." "I am the same as a one-handed man when it comes to the work that I was doing before." He would not say that he would never be able to do any more work of any kind, but said that he would be able to do some work, and to receive pay for it. With reference to his hand he said: "Well, I cannot use it much; I can climb no more derricks, and can handle no more engines and make $4.00 a day. I have no strength in it, cannot bend my fingers." "Yes, sir; I can bend them, but not over a reverse lever." He further testified that "by the strength of his right hand he could not, by the muscles of that hand, pull the fingers down to the palm."

The testimony of plaintiff is not corroborated in any degree, and, at its best, it does not convince us that he is suffering with a "permanent partial disability" beyond the loss of one finger. Two of his fingers on his right hand may be stiff, and doubtless are so; but there is no evidence, except his own to that effect, that this stiffness is permanent. And, with reference to this matter, he is contradicted by three physicians, or surgeons, who treated his hand, and examined it in the court room. These doctors testified that, while there is some stiffness of the two fingers, there is no inflammation in the joints, and that this stiffness will gradually disappear. On the day of trial, eight months after the accident, the physicians testified that the stiffness then present was overcome by "the least little pressure"; that the flexion was 95 per cent. perfect, while the extension was 100 per cent. perfect. This would indicate that the disability of the hand was not

only partial, but that it was also only temporary. These doctors worked the fingers of plaintiff's hand so as to cause them to touch the palm, which, while it naturally caused some pain, indicated that with persistent effort the use of these fingers would be entirely restored.

The evidence also showed that men with one hand were working on derricks and at other jobs in the oil fields.

As we have come to the conclusion that plaintiff's injuries do not result in a "permanent partial disability" under subsection (c) of section 8 of the Compensation Act, it becomes unnecessary to touch the question presented by defendant as to whether the stiffening of two fingers on plaintiff's right hand is due to an "accident," or whether it is an "injury" or a "personal injury," mentioned in sections 38 and 39 of the act. In the case of Behan v. Honor, 143 La. 348, 78 South. 589, L. R. A. 1918F, 862, where the plaintiff was a victim of locomotor ataxia, which was not one of the personal "injuries" or "accidents" mentioned in the act, the court said:

"The injuries he suffered by the accident, and the immediate change in his physical condition, leave no reasonable doubt that the accident superinduced, and was the proximate cause of the disability of which he complains."

And so it might be held that the stiffness of the two fingers on plaintiff's hand was due to the amputation of the middle finger, which had been mashed by accident, while he was in the employ of the defendant. But the injury did not produce a permanent partial disability.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of defendant dismissing plaintiff's demand at his cost.