## GEORGIA CASUALTY COMPANY *v.* JONES.

1. Compensation for the loss of a member, under section 32 of the workmen's compensation act of this State, is in full for such specific injury, and excludes compensation for temporary total disability arising solely from the loss of such member.
2. Whether an employee would be entitled to compensation for a temporary total disability, not due solely to the loss of such member, but due to some other cause, is not now for decision by this court.

No. 3766. OCTOBER 12, 1923.

Certiorari; from Court of Appeals.

*Brock, Sparks & Russell* and *Arnold & Battle,* for plaintiff in error.

*A. W. Cozart* and *W. Cecil Neill,* contra.

HINES, J. This case is in this court upon a writ of certiorari to review the decision of the Court of Appeals therein. The facts of the case and the opinion of the Court of Appeals will be found in *Jones* v. *Georgia Casualty Co.,* 30 *Ga. App.* 207 (117 S. E. 467). The Court of Appeals held that sections 30, 31, and 32 of the workmen's compensation act of this State (Acts 1920, p. 167; 9 Park's Ann. Code, § 3154(a) et seq.) "should be so construed, that, upon an injury being received entailing total disability, the employee is entitled to receive compensation therefor under the

provisions of section 30; that where such total disability is succeeded by partial disability, he is entitled to recover additional compensation therefor either under section 31 or section 32 — under section 31 on account of all injuries except of the particular kind and character scheduled in section 32, but exclusively under section 32 if the partial disability is permanent and is occasioned by an injury of the character therein described." The sole question for decision by this court is whether this construction of this act is correct.

Section 30 of this act provides that "where the incapacity for work resulting from the injury is total, the employer shall pay, . . as hereinafter provided, to the injured employee during such total incapacity a weekly compensation equal to one half his average wages, but not more than twelve dollars, nor less than six dollars a week; and in no case shall the period covered by such compensation be greater than three hundred and fifty weeks, nor shall the total amount of all compensation exceed four thousand dollars." This section provides compensation for total incapacity for work, temporary or permanent, with the limitations as to the time and amount therein specified. Here compensation is given for total incapacity to work, and would cover all cases of total incapacity to work unless there are excepted cases in the statute. Section 31 provides, that, "except as otherwise provided in the next section hereafter, when the incapacity for work resulting from the injury is partial, the employer shall pay, . . as hereinafter provided, to the injured employee during such incapacity a weekly compensation equal to one half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twelve dollars a week, and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury. In case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity." Here provision is made for compensation for temporary or permanent partial incapacity for work or disability; and it covers all cases of such incapacity, "except as otherwise provided in" section 32. It is clear that this section makes provision for compensation for injuries resulting in partial incapacity, except in the instances and cases named in section 32.

Section 32 provides compensation for injuries resulting from the loss of certain members or organs of the human body. It fixes the period of incapacity to work in 'the case of the loss of each of such members or organs, and the compensation to be paid for the injury which results in such loss. This section declares that " the compensation so paid for such injury shall be as specified therein, and shall be in lieu of all other compensation." By the express words of this section, compensation for the injuries specified therein is " in lieu of all other compensation." If the workman can recover compensation for such an injury under both sections 30 and 32, then his compensation under section 32 is not in lieu of all other compensation. To adopt a construction of this statute which would permit double compensation under these sections would be in the teeth of the plain and distinct declaration of the legislative intent. In plain and distinct language this section provides the sole and exclusive compensation for all disability caused by the loss of the particular members therein specified, except in cases of the loss of both arms, legs, feet or any two of these members, or total loss of vision of both eyes, when compensation is to be made under section 30. When the legislature plainly and distinctly declares its intention, the act is not open to construction. It requires and can receive none. Such an act is its own interpretation. The courts have nothing to do but enforce it. Such a statute excludes interpretation. *Neal* v. *Moultrie, 12 Ga.* 104, 110. It was the purpose of the legislature to declare the loss of a member, specified in section 32, to be a permanent partial disability, to compensate the workmen for such loss as a permanent partial disability, and to make such compensation exclusive of all other compensation, just as it declares that the " loss of both arms, hands, legs, or feet, or of any two of these members, the permanent total loss of vision in both eyes, shall be deemed permanent total incapacity and shall be compensated under section 30." The purpose was to create a certain and fixed compensation for these specific injuries, and make it exclusive of all other compensation for such injuries. The legislature evidently intended that the loss of a specific member or organ deserved the compensation fixed in the schedule, and that such compensation should be in lieu of all other compensation for these specific injuries. The legislature separated these specific injuries from other partial disabilities, and

fixed a compensation for each; and thus conclusively determined that the compensation provided for the loss of one of these members was proper compensation. "The language is plain and unambiguous, and is not susceptible of other construction." Hull v. U. S. Fidelity &c. Co., 102 Neb. 246 (166 N. W. 628). To attempt to put a different interpretation upon this act would be to disregard its plain language and meaning. "If the act works unscientifically, absurdly, or unjustly, that is for the legislature to correct." Nitram Co. v. Creagh, 84 N. J. L. 243 (86 Atl. 435).

It might be, that, if such specific injury were accompanied or followed by partial permanent or total disability due to some other cause, such as infection or paralysis, and not to the mere loss of such member, whereby a superadded injury followed, the employee would be entitled to additional compensation. Stefan v. Red Star Mill &c. Co., 106 Kan. 369 (187 Pac. 861). But such a case is not now before us for decision. We are dealing with an incapacity resulting solely from the permanent partial loss of the use of two fingers, and not with a case of such incapacity and a superadded incapacity, due to some cause produced by the loss of the use of these fingers. The interpretation which we put upon section 32 of this act is in accordance with its plain meaning, is reasonable, is not absurd, and is in harmony with the decisions of the majority of the courts of last resort on this subject. Kramer v. Sargent, 93 Conn. 26 (104 Atl. 490); Slago Coal Co. v. Industrial Commission, 293 Ill. 271 (127 N. E. 751); Marhoffer v. Marhoffer, 220 N. Y. 543 (116 N. E. 379); In re Denton, 65 Ind. App. 426 (117 N. E. 520); Standard Cabinet Co. v. Landgrave (Ind.), 132 N. E. 661; Hardin v. Higgins Oil & Fuel Co., 147 La. 453 (85 So. 202); Spring Canyon Coal Co. v. Industrial Commission, 57 Utah, 208, 193 Pac. 821; Spring Canyon Coal Co. v. Industrial Commission 60 Utah, 553, 210 Pac. 611; Bowne v. Stamford &c. Co., 95 Conn. 295 (111 Atl. 215); Moses v. National Union Coal Co., 194 Iowa, 819, 184 N. W. 746. In Kramer v. Sargent, supra, the Supreme Court of Connecticut said: "Where employee's finger was injured resulting in amputation of phalanx on day of injury, employee was not entitled to an award for total incapacity on account of the injury, in addition to compensation for the loss of the phalanx; there being but one injury, inasmuch as incapacity immediately followed and resulted from the loss of the phalanx, and

compensation therefor under workmen's compensation act, § 12, being 'in lieu of all other payments' for such injury." In Bowne v. Stamford Rolling Mills Co., supra, the same court said: "Compensation for that incapacity, following as it did the loss of the foot and by reason of that loss, is included in that given for the loss of the member, and not separable from it."

The Louisiana statute construed in Hardin v. Higgins Oil & Fuel Co., supra, was as follows: "In cases included by the following schedule the compensation shall be as follows: . . For the loss of a first finger, commonly called the index finger, fifty per centum of wages during thirty weeks. For the loss of any other finger, or a great toe, fifty per centum of wages during twenty weeks." In construing that statute, the Supreme Court of Louisiana said: "An employee who has lost a finger other than the index finger and who has received half wages for 20 weeks, the compensation for such loss fixed by employers' liability act, § 8, subsec. 'd,' as amended by act No. 243 of 1916, is not entitled to compensation for temporary total disability under subsection 'a' of said section." In Spring Canyon Coal Co. v. Industrial Commission, supra, the Supreme Court of Utah said: "We are constrained to hold that the language last quoted is mandatory in both form and substance, that it definitely fixes the compensation to be paid for the loss of specific members of the body, and that the compensation thus fixed is exclusive of any other compensation for disability arising solely from the loss of the particular member in question." In Moses v. National Union Coal Mining Co., supra, the Supreme Court of Iowa said: "It is, however, contended by counsel for appellant that the injury was also compensable under subdivision (h). This contention presents a more difficult question for decision. The act nowhere provides that, in case of the loss of a member, compensation shall be allowed therefor, and also for the loss of earning capacity under subdivision (h), nor does it specifically deny compensation for both." In Standard Cabinet Co. v. Landgrave, supra, the Supreme Court of Indiana, in construing section 31 of the act of that State, which is practically the same as section 32 of our act, declared: "Under workmen's compensation act, § 31, an award for permanent partial disability cannot include an award for temporary total disability, where the temporary disability relates solely to the condition resulting in the permanent disability."

We deem it unnecessary to quote further from the decisions which we have cited to support the construction which we have put upon section 32 of our act. The above citations are sufficient to show the trend of these decisions, and to give the reasons on which they are based. So we are of the opinion that compensation for the loss of a member under section 32 of the workmen's compensation act of this State is in full for such specific injury, and excludes compensation for temporary total disability arising from the loss of such member.

*Judgment reversed. All the Justices concur.*