20687.  STONE *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED NOVEMBER 11, 1930.

*R. Douglas Feagin, James C. Davis,* for plaintiff.

*McDaniel, Neely & Marshall, Harry L. Greene,* for defendants.

BLOODWORTH, J. (After stating the foregoing facts.) It appears from the statement of facts hereinbefore quoted that "the employer and insurance carrier have paid the claimant, Robert Stone, compensation under the Georgia workmen's compensation act for a period of eleven weeks, beginning November 16, 1929, and continuing until January 30, 1930, at the rate of $7.50 per week." The record shows that at the expiration of the time named the insurance carrier stopped compensation to the employee. Under the undisputed facts in this case, the issue between the appellant and the commission arose out of the proper construction of sections 32 (as amended by Ga. L. 1923, p. 95), 30, and 31 of the act creating the industrial commission (Ga. L. 1920, pages 183, 184, 185). In the 5th paragraph of the foregoing statement of facts it is agreed that the total incapacity of the claimant was "caused by and results solely from the injury to the arm." In the 4th paragraph it is stated that "there will be a permanent partial impairment of the use of the arm." In his judgment disposing of the case on appeal, Judge Mathews said in part: "I have come to the conclusion in this case that the contention of the appellant is in accord with the opinion of the Supreme Court in the case of the *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), and that the limit of the liability on the appellant to the appellee is the payment of the specific liability growing out of permanent partial industrial handicap, and that the appellant owes nothing more under section 30 than has been paid." We agree with Judge Mathews that under the facts of this case "the limit of the liability on the appellant to the appellee is the payment of the specific liability growing out of permanent partial industrial handicap, and that the appellant owes nothing more under section 30 than has been paid." Section 32 of the act of 1920, as amended by Ga. L. 1923, p. 95, is as follows: "Sec. 32. Be it further enacted,

that in the cases included by the following schedule the permanent partial industrial handicap, in each case, shall be compensated by payments for the period specified, and that the compensation so paid for such handicap shall be as specified therein, and shall be in lieu of all other compensation for the permanent partial handicap. In addition to the compensation provided in the schedule for permanent partial handicap, compensation for total incapacity for work, as provided in section 30, shall be paid, but compensation for total incapacity for work shall in no case be paid for a period longer than ten weeks." The record in this case shows that the claimant has been paid for a period of eleven weeks of total disability.

We further agree with Judge Mathews that this case is controlled by the decision in *Georgia Casualty Co.* v. *Jones,* supra, in which it was held that compensation for the specific injury to a member, an arm in this case, must be made under sec. 32 of the workmen's compensation act of this State; the concluding sentence of which decision is as follows: "So we are of the opinion that the compensation for the loss of the member under sec. 32 of the workmen's compensation act of this State is in full of such specific injury, and excludes compensation for temporary total disability arising from the loss of such member."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*