21799.   MARYLAND CASUALTY COMPANY *et al.* v. SMITH.

DECIDED FEBRUARY 19, 1932.

*H. Wiley Johnson, Julian F. Corish,* for plaintiffs in error.
*Oliver & Oliver,* contra.

BELL, J. (After stating the foregoing facts.) The question here at issue involves the construction of section 32 of the workmen's compensation act, fixing the amount of compensation payable for specific disabilities. It is not disputed that the claimant received an injury in the course of his employment, and that such injury has resulted in a total loss of the use of his leg, and the sole question for determination by the industrial commission, as shown in the clear and well stated opinion by Commissioner Whitaker, was as to the amount of compensation to which the claimant was en-

titled. Prior to the act of 1923 (Ga. L. 1923, p. 92, 95) amending section 32 of the workmen's compensation act, that section provided as follows: "In cases included by the following schedule, the incapacity in each case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, and shall be in lieu of all other compensation." The schedule contained in the section included, "for the loss of a leg, fifty per centum of average weekly wages during one hundred seventy-five weeks," and it was further provided by that section that "total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye." In *Jones* v. *Georgia Casualty Co.*, 30 *Ga. App.* 207 (117 S. E. 467), decided April 17, 1923, this court had before it for construction the above-quoted provisions of section 32 as they existed prior to the amendment, and held that this section should be construed in connection with sections 30 and 31, so that "upon an injury being received entailing total disability, the employee is entitled to receive compensation therefor under the provisions of section 30; that where such total disability is succeeded by partial disability he is entitled to recover additional compensation therefor either under section 31 or section 32—under section 31 on account of all injuries except of the particular kind and character scheduled in section 32, but exclusively under section 32 if the partial disability is permanent and is occasioned by an injury of the character therein described." The judgment of this court in the *Jones* case was reversed by the Supreme Court (156 *Ga.* 664, supra), the court holding as follows: "Compensation for the loss of a member, under section 32 of the workmen's compensation act of this State, is in full for such specific injury, and excludes compensation for temporary total disability arising solely from the loss of such member." In the opinion in that case Mr. Justice Hines used the language quoted by Commissioner Whitaker in his award in the instant case, but, as was stated by the learned Justice himself, this language was not intended to be anything more than obiter dictum, since no such question was before the court for decision. That decision by the Supreme Court has since been followed by this court in *American Mutual Liability Ins. Co.* v. *Braden,* 43 *Ga. App.* 74 (157 S. E. 904), *McNair* v. *Home Accident Ins. Co.,* 38 *Ga. App.* 345 (143 S. E. 237), and *Stone* v. *American Mutual Liability Ins. Co.,* 42 *Ga. App.* 271 (155 S. E. 795).

After the decision by this court in the *Jones* case the General Assembly amended section 32 (Ga. L. 1923, p. 95), so that in lieu of the language above quoted from that section the following appears: "In the cases included by the following schedule the permanent partial industrial handicap in each case shall be compensated by payments for the period specified, and the compensation so paid for such handicap shall be as specified therein, and shall be in lieu of all other compensation for the permanent partial handicap. In addition to the compensation provided in the schedule for permanent partial handicap, compensation for total incapacity for work, as provided in section 30, shall be paid, *but compensation for total incapacity for work shall in no case be paid for a period longer than ten weeks.*" (Italics ours.) The schedule embraced in the act as amended, in so far as it relates to the loss of a leg, or loss of the use of a leg, remains the same, that is, one half the average weekly wages during one hundred and seventy-five weeks. It seems thus that the clear intent and purpose of the General Assembly was to afford to an employee who had suffered an injury which resulted in a permanent partial industrial handicap compensation as for total incapacity for work during a period which might be regarded as "healing time," and to limit such "healing time" to ten weeks. As stated by the Supreme Court in the *Jones* case, "when the legislature plainly and distinctly declares its intention, the act is not open to construction. It requires and can receive none. Such an act is its own interpretation. The courts have nothing to do but enforce it. Such a statute excludes interpretation." Under the express terms of the statute as thus amended subsequently to the decision by this court in the *Jones* case, the claimant was entitled, for the injury which resulted in the loss of the use of his leg, to one half his average weekly wages for a period of one hundred and seventy-five weeks, and in addition thereto to compensation for total incapacity for work for a period not exceeding ten weeks. *South* v. *Indemnity Ins. Co.,* 39 *Ga. App.* 47 (146 S. E. 45) ; *Home Insurance Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131). The award of the industrial commission, in so far as it allowed the claimant compensation for a longer period, was, therefore, erroneous.

But it is insisted by counsel for the defendant in error that under the obiter dictum of the Supreme Court in the *Jones* case an award of compensation as for total incapacity for work for a longer

period than ten weeks was justified, despite the express limitation set forth by the amendment, on the theory that the industrial commission were authorized to find that the claimant had a "superadded" injury or disability resulting from the injury to his leg; and, in this connection, it is pointed out in the brief of counsel that the evidence before the commission discloses that the claimant had spent several months in a hospital, at an expense of about $700, and that as a result of the compound fracture of his leg he had an operation to remove the knee-cap, and was, at the time of the hearing, suffering from a gangrenous condition and two discharging sinuses. As already shown, the dictum in the *Jones* case was expressed with reference to a case which arose prior to the amendatory statute expressly dealing with the subject of additional compensation for total incapacity for work, and expressly limiting its duration in all cases. But even at the time it was expressed it seems to have been based on Stefan *v.* Red Star Mill &c. Co., 106 Kan. 369 (supra). In that case the claimant for compensation had suffered an injury which resulted in the loss of the use of an eye, and, in addition thereto, resulted in a semiparalyzed condition of the left side of his *body*, and the jury in that case, on specific inquiries submitted to it, found that the disability in the claimant's body was "independent of the injury to his eye." We think, therefore, that the superadded disability to which the Supreme Court referred in the *Jones* case can not mean a disability which is confined to the member for injury to which a specific award is authorized by the schedule stated in section 32 of our act. A claimant might, as the result of one accident arising out of and in the course of his employment, sustain the loss of a member, and in addition thereto, as was true in the Stefan case, incur a disability in some other part of his body. In such a case the doctrine of the Stefan case, as referred to in the *Jones* case, might still have application. The same might also be true where a disease resulting from the injury spreads or extends to some other portion of the body and thus creates a disability beyond that which exists in the specific member. See *Ocean Accident & Guarantee Corp.* v. *Harden,* 44 *Ga. App.* 223 (160 S. E. 699). In the instant case, however, neither of such states of fact existed, and our decision here is confined, of course, to the particular facts before us. The only injury the plaintiff received in the course of his employment was an injury to his leg.

By reason of this injury, the commission found that he had suffered a total loss of the use of the leg. It is true that he suffered, in the process of the treatment of the leg, a complication of trouble with the same limb, but none of these complications disabled any other portion of his body, and the only disability the claimant suffered arose from injuries with its complications to that specific member. Compensation was payable, therefore, under the provisions of section 32, and under no other section of the act, and this section plainly provides that what can be allowed by way of total disability in addition to the scheduled amount for the loss of such a member "shall in no case be paid for a period longer than ten weeks."

Since the decision by this court in the *Jones* case, in the review of which the Supreme Court expressed the dictum above referred to, the General Assembly has dealt with the question anew, evidently with the *Jones* case in mind; and as the statute now stands, it not only fixes an arbitrary amount for the loss of such a member, but in like manner authorizes and provides for a fixed and stated maximum amount by way of additional compensation for total incapacity for work arising from an injury causing the loss or preventing the use of such a particular member. The present case is distinguished from *Austin Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560 (121 S. E. 345). In that case the claimant's injuries consisted of "a fracture of the skull, a fracture of one lower jawbone, a dislocation of his left shoulder, a Colle's fracture of his left arm, a lacerated lower lip with perforation from chin to mouth, a lacerated nose, lacerations of the scalp over three inches in length, a lacerated and contused left hip, a lacerated left thigh, and a fracture at the base of his right thumb."

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*