DECIDED DECEMBER 22, 1932.

*R. G. Hartsfield, D. R. Bryan,* for plaintiff.

22483.   TRAVELERS INSURANCE COMPANY *et al.* v. REID.

DECIDED DECEMBER 22, 1932.

*Harry L. Greene, McDaniel, Neely & Marshall,* for plaintiffs in error.

*Curry & Curry,* contra.

HOOPER, J.   On December 4, 1930, Louis Reid, while in the course of his employment, received an accidental injury when the falling of an 800-pound object crushed his leg, producing a comminuted fracture. His wages were then $31.50 a week. Compensation was voluntarily paid him at the rate of $15 a week from December 11, 1930, through August 8, 1931, a period of 34-1/2 weeks, at which time payment was stopped. Upon the hearing of his claim before the industrial commission Commissioner Whitaker awarded the claimant additional compensation at the rate of $15 a week, to begin August 8, 1931, and continue through disability, within the limits fixed by the law or until a change of condition. The full commission, in affirming the award, provided that "this award will be modified whenever authorized by a change of con-

dition, and the employer and insurance carrier then given credit for the time compensation has been paid." The judge of the superior court, on appeal, passed an order affirming the award on condition that the compensation continue for a period not exceeding 185 weeks, to include those weeks for which payment had already been made, and to continue until a change in condition, at which time further inquiry might be had. To this ruling exception is taken. Additional facts will be given hereinafter.

We quote from the brief of counsel for the plaintiff in error: "The record in this case will show conclusively that the injury and disability were confined to the leg of the employee. The award of the full commission, dated February 11, 1932, and the judgment of the superior court appealed from will show conclusively that at the time of the hearing before the commission the leg of the defendant in error had not healed, maximum improvement had not been reached, and it was impossible at that time to ascertain and determine the extent of the permanent partial loss of use of the leg. . . It is our contention that the judge of Richmond superior court should have sustained the appeal of plaintiffs in error and should have remanded the case to the Department of Industrial Relations with instructions that they ascertain the extent of the permanent partial disability when maximum improvement had been reached and make an award accordingly."

From the above it will be seen that this case again presents the oft-recurring matter of the relative interpretation of section 30 and section 32 of the workmen's compensation act (§ 3154 (30) and § 3154 (32) of Michie's Code). In our opinion the provisions of these sections were properly applied by the judge of the superior court to the facts of the instant case. The claimant was awarded compensation pursuant to section 30, to continue during total incapacity, but the order provided in effect that whenever maximum improvement was reached and the extent of his permanent partial handicap, if any, ascertained, then payments thereafter should be made pursuant to section 32, the total number of weekly payments, however, not to exceed 185. We are of the opinion, and hold, that where an employee receives an injury which, though confined to his leg, results in total incapacity for an indefinite period of time, he is entitled, under the provisions of section 30 of the workmen's compensation law, to receive total disability compensation during

the period of such total incapacity and until a change in condition or the period of limitation provided by law is reached. The employee in this case does not except to that part of the award which limits total disability payments to 185 weeks; and we are dealing solely with the question whether the claimant is entitled to the compensation awarded him in this case for total incapacity and expressly limited to the duration of his total incapacity.

The industrial commission was authorized by the evidence before it to find that the following facts existed: Reid's leg was injured December 4, 1930. He was compelled to wear a plaster cast continuously thereafter for about four months, during which time he was totally incapacitated. Thereafter he removed the plaster cast during the daytime, but replaced it at night to prevent rebreaking the leg. After dispensing with the plaster cast he was advised by a physician to wear a brace or to use crutches. He was unable to walk for any appreciable time without crutches or a brace. While in this condition he was dismissed by the attending physician and offered employment upon the condition that he would release the insurance carrier from all further liability; which he refused to do. At the time of this offer and at the time of the hearing before the commissioner he was unable to engage in any competitive labor. With artificial support he could use his leg moderately by standing or walking for about two hours in the morning, then, after resting, he would use it for about two hours in the afternoon. When he put any weight upon his foot, however, as advised to do by the physician, his leg would begin to swell and pain him. Such pain and swelling was worse than it had been a short time before, and had never ceased since the day of the injury. He could not move about and was unable to stand on his foot without artificial support. From the foregoing it will be seen that the claimant's injury was confined to his leg, that he was totally incapacitated from the time of the injury to the time of the hearing, and that at the time of the hearing the duration of his total incapacity could not be determined, nor could there then be an adjudication as to whether there would be a total loss of use of his leg or a partial loss of use of his leg compensable under the provisions of section 32 of the said act. Under order of the judge of the superior court on appeal, payments for total disability were expressly limited to the duration of such total incapacity.

We do not agree with the contention of counsel for plaintiff in error that this ruling conflicts with the decisions of this court in the cases of *American Mutual Liability Ins. Co.* v. *Braden*, 43 *Ga. App.* 74 (157 S. E. 904), and *Keel* v. *American Employers Ins. Co.*, 44 *Ga. App.* 773 (162 S. E. 847), although there is language in the *Braden* case, supra, which would so indicate. A reversal was granted in the *Braden* case because the evidence before the commission did not authorize the award of 50% permanent partial loss of use of the claimant's leg during a period of 119 weeks intervening between the date of discontinuance of payments and the hearing before the commission, such hearing not constituting a review of any previous award on the ground of a change in condition. In the *Keel* case, supra, the superior court on appeal remanded the case to the commission to pass upon the question whether the claimant was justified in refusing selective work offered by his employer. In paragraph 2 of that decision this language appears: "Before an award can be made under section 32 of the compensation act for the permanent partial loss of a member, it is necessary to ascertain definitely such permanent partial disability, and it is obvious that this can not be done until the maximum improvement in the condition of the member has been reached." That statement of law is correct, and is consistent with our ruling in this case. Reid, the claimant, is to receive total disability until a change of condition, at which time he will receive compensation for permanent partial loss of his leg if on a review of the former award such compensation should appear to be proper.

The conclusion here reached is directly supported by the ruling of this court in the case of *McNair* v. *Home Accident Ins. Co.*, 38 *Ga. App.* 345 (143 S. E. 237). The record in that case shows that McNair was accidentally injured on April 7, 1926. Although the injury was confined to his leg, he was awarded temporary total disability within a maximum limit of 350 weeks, which was on appeal reduced by the judge of the superior court to a period not exceeding 185 weeks, the same including the period for which claimant had already been paid, and the payments were to continue until a change in condition and a further inquiry before the commission. The award by the full commission in the *McNair* case recited in part as follows: "Where an employee has an injury, even though the seat of injury may be confined to one of the members specified

under section 32, and his injury is not healed and is of such nature as to produce total incapacity for work, the commission is of the opinion that compensation should be awarded under section 30 of the act, which provides that compensation shall be payable during total incapacity for work." The ruling of this court in the case of *Stone* v. *American Mutual Liability Ins. Co.*, 42 *Ga. App.* 271 (155 S. E. 795), being subsequent to the *McNair* case, supra, would have to yield to the decision in the *McNair* case in so far as it may conflict therewith.

Any other rule than that here adopted would work a hardship upon the injured employee which was never intended by the law-making body in passing this beneficial statute. The full commission in its award in this case stated: "The department is of the opinion that so long as total incapacity for work exists as a result of an injury, the spirit of the law contemplates that compensation should be paid for such total incapacity, and that should it develop thereafter, when total incapacity ceases, that the injury is confined to a member, then the award should be modified and the employer and insurance carrier given credit for the time payments have been made under the new or modified award." If an employee's leg is crushed and total disability is paid for only ten weeks, the employee could not, under the contentions of plaintiff in error in this case, receive further payments under section 30 for his total temporary disability, and neither could he recover compensation as for a permanent partial handicap, under section 32, for the reason that maximum improvement had not been reached. Under such a rule the employee in the instant case, though still incapacitated at a time 34-1/2 weeks after the injury, could draw no compensation at all, but would have to wait until a change in condition and then receive compensation appropriate to his new condition. This claimant received payments up to August 8, 1931, and subsequent to that time received no payments, either total or partial. He was still unable to perform any competitive labor. It would be a harsh rule indeed that would deprive him during an indefinite period from drawing any compensation at all, when all persons agree that under the law he is entitled to some compensation for such period. Even a plaintiff in a common-law action for negligence is not required to delay collection until the extent of his injury is definitely determined.

The judge of the superior court did not err in affirming the award of the full commission.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*