TRAVELERS INSURANCE COMPANY *v.* REID.

RUSSELL, C. J.  1. It appears from the evidence taken by the industrial commission that the only injury suffered by the employee is in the foot and leg. A different case would be presented if the evidence had shown that in consequence of such injury the employee had suffered a superadded injury or disease affecting other portions of his body, as a result of which he had become totally disabled.

2. This case is controlled by the principles announced in *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), followed by *Maryland Casualty Co.* v. *Smith,* 44 *Ga. App.* 840 (163 S. E. 247). Inasmuch as no dis-

ability of the employee is shown to be the result of any cause other than pain incident to the injury to his leg, compensation should have been awarded under section 32 of the workmen's compensation act of 1920 (Ga. L. 1920, p. 184), as amended by the act of 1923 (Ga. L. 1923, p. 95); and compensation for total disability can not be awarded in excess of the ten weeks specified in the act of 1923.

3. The Court of Appeals erred in holding that though the employee's injury was confined to his leg, if it resulted in total incapacity for an indefinite time, he is entitled to receive total-disability compensation during the period of such total incapacity, and until a change in condition or until the limitation fixed by law is reached under sec. 30 of the workmen's compensation act. The facts in this case are fully stated in the opinion of the Court of Appeals. *Travelers Ins. Co.* v. *Reid,* 46 *Ga. App.* 168 (167 S. E. 222). *Judgment reversed. All the Justices concur.*

No. 9484. FEBRUARY 15, 1934. REHEARING DENIED MARCH 3, 1934.

*McDaniel, Neely & Marshall* and *Harry L. Greene,* for plaintiff in error.