22483. TRAVELERS INSURANCE COMPANY *et al. v.* REID.

Decided June 12, 1934. Rehearing denied July 20, 1934.

*Curry & Curry,* contra.

Guerry, J. A former decision of this court in this case is reported in 46 *Ga. App.* 168 (167 S. E. 222). On certiorari the Supreme Court reversed the judgment. *Travelers Insurance Co.* v. *Reid,* 178 *Ga.* 399 (173 S. E. 376). Reid, the claimant, sustained an injury to his leg in December, 1930, and compensation was paid him by his employer and insurance carriers until August 8, 1931, at which time further compensation was refused on the ground that the claimant had fully recovered. The facts are set forth in the opinion of this court in 46 *Ga. App.* 168. A claim was filed with the industrial commission (now the Department of Industrial Relations), and upon a hearing before Commissioner

Whitaker it was determined that the injury to the claimant's leg was at that time such that there was a continued *total loss of its use,* and that compensation be continued in favor of claimant "until there has been a change of condition which would authorize the commission to modify or change the award herein made." An appeal from this award was taken to the full commission, which affirmed the finding of the single commissioner and, among other findings, used this language: "The Department is of the opinion that so long as *total incapacity* for work exists as a *result* of an *injury,* . . the spirit of the law contemplates that compensation should be paid for such *total incapacity,* and that should it develop *thereafter,* when total incapacity ceases, that the *injury* is *confined to a member,* then the award should be modified and the employer and insurance carrier given credit for the time payments have been made, under the new or modified award." (Italics ours.) An appeal from this award of the full commission was taken to the superior court of Richmond county. It will be noted that in the awards made by the single member and the full commission the time for the continuance of the compensation is not clearly stated; that is, there is a doubt as to whether such compensation might be continued for a total incapacity and therefore operate for 350 weeks as under section 30, or whether such compensation shall continue for the total loss of the use of the leg as provided in section 32, and thus operate for 185 weeks; that is, ten-weeks healing time and 175 weeks for the loss of the use of the leg. The judge of the superior court on appeal passed the following order: "It appears that the said Lewis A. Reid sustained an injury that resulted in the *loss of the use of his leg;* that according to the findings of the commission, the superior weight of the evidence in the case showed that at the time the compensation payments were stopped, and even at the time of the hearing before the commission, Lewis A. Reid, the claimant, *was not able to engage in his usual occupation, nor was he physically fit for competitive labor of any kind.* Under the decision of the commission, the claimant would clearly be entitled to compensation for *total disability, during such time as he would be unable to engage in competitive labor. This would be true whether the total disability be occasioned by an injury confined to a particular member of the body or otherwise.* In this particular case the *total disability* was occasioned by an injury to the leg of the

claimant, and *was confined to that particular member,* and it is the opinion of the court that the findings of the commission should have so stated. It is therefore ordered that the award be and the same is hereby affirmed upon condition and direction that the compensation continue for a period not exceeding 185 weeks, including the weeks for which the said Lewis A. Reid has already been paid, and continue until there may be a changed condition, at which time the employer and insurance carrier may have further inquiry before said commission, it being intended herein to affirm said findings of said commission, but to confine the same under evidence in the record to 185 weeks." (Italics ours.)

This court in 46 *Ga. App.* 168, in passing upon an appeal taken from this ruling of the superior court, used this language: "The claimant was awarded compensation *pursuant to section 30, to continue during total incapacity,* but the order provided in effect that whenever maximum improvement was reached and the extent of his permanent partial handicap, if any, ascertained, then payments thereafter should be made pursuant to section 32, the total number of weekly payments, however, not to exceed 185. We are of the opinion, and hold, that where an *employee receives* an *injury* which, though *confined to his leg,* results in *total incapacity* for an indefinite period of time, he is entitled, under the provisions of *section 30* of the workmen's compensation law, to receive *total disability* compensation during the period of such *total incapacity* and until a change of condition or the period of limitation provided by law is reached." (Italics ours.) The Supreme Court, on certiorari, decided that "The Court of Appeals erred in holding that though the *employee's injury* was *confined to his leg,* if it resulted in *total incapacity* for an indefinite time, he is entitled to receive *total disability* compensation during the period of such *total incapacity,* and until a change in condition or until the limitation fixed by law is reached under *section 30* of the workmen's compensation act." (Italics ours.) This decision of the Supreme Court followed the cases of *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), and *Maryland Casualty Co.* v. *Smith,* 44 *Ga. App.* 840 (163 S. E. 247). It was said in the *Jones* case, supra: "Compensation for the loss of a member, under section 32 of the workmen's compensation act of this State, is in full for such specific injury, and excludes compensation for temporary total disability

arising solely from the loss of such member." *Total incapacity for work,* resulting from an injury to a *member* such as a *leg* or *arm,* shall be *limited* to a period of *ten* weeks as is provided in *section 32.* For the loss of use of such member, compensation shall continue for the periods prescribed in section 32. Total loss of use of such member is equivalent to the loss of such member and compensation for such total loss of use *shall, even* after the ten-weeks healing time, be *continued under section 32, until there shall be a permanent or partial recovery of the use, at which time compensation should be reduced proportionately to the recovery of the use of such member,* under section 45. In no event shall the compensation continue for a longer period, where the injury is confined to a member and there is no superadded injury causing total incapacity to work, than that period fixed by section 32 of the act. See, in this connection, *Stone* v. *American Mutual Liability Insurance Co., 42 Ga. App.* 271 (155 S. E. 795).

The reversal of the judgment in this case by the Supreme Court and the opinion filed disclose that the Supreme Court decision is a reversal of the statements of the law made by this court in its opinion in 46 *Ga. App.* 168, and such reversal does not consider the order of the superior court. Under *section 32,* where an *injury* occurs *solely to a member,* compensation for *total incapacity,* as under section *32,* may be paid for *ten weeks.* This is considered healing time. Thereafter, if there is a loss of such member, compensation is paid therefor under section 32. If there is no loss of the member, as by removal, but there is a continuing total loss of the use of such member after the ten-weeks healing time, compensation shall still be paid for such continuing total loss of use, not to exceed the number of weeks as fixed by section 32. If before the expiration of the number of weeks as prescribed in section 32 for the loss of such member there be a recovery from the total loss of use, and such loss of use becomes only partial, then from that time the compensation shall, under section 45 of the act, be reduced proportionately to the recovery of the loss of use of such member.

This, as we understand, is the holding of the Supreme Court in this case and is in accord with the former adjudications. The claimant in this case is entitled, within the limits of section 32, to compensation so long as the loss of the use of such leg is total to the

full amount fixed. When partial recovery occurs, such amount to be paid is reduced accordingly; if entire recovery, such payments shall cease. The judgment of the superior court is reversed, with direction that the claim be remanded to the Department of Industrial Relations, with instruction that it determine the number of weeks, not including the ten-weeks healing time, that the claimant suffered an entire loss of use of such leg, provided there were no other superadded injuries arising therefrom, and that compensation be awarded for such length of time, giving credit for the payments already made, and if there has been a total or partial recovery, discontinue or decrease the award as of the time such total or partial recovery took effect.

*Judgment reversed, with direction. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. I can not agree with the majority opinion in this case. Under section 32 of the workmen's compensation act as amended by the act of 1923 (Ga. L. 1923, p. 95), compensation for the permanent partial loss of use of a member is in full payment for such injury, and any compensation for the *temporary* total disability resulting *solely* from that injury, except for a period not exceeding ten weeks, is expressly excluded. *Georgia Casualty Co. v. Jones,* 156 *Ga.* 664 (119 S. E. 721); *Maryland Casualty Co. v. Smith,* 44 *Ga. App.* 840 (163 S. E. 247); *Stone v. American &c. Co.,* 42 *Ga. App.* 271 (155 S. E. 271). Where the injury of an employee is confined to a member and results in a total incapacity for work for a period longer than ten weeks, and finally causes the permanent partial loss of the use of the member, the employee should be paid compensation during the period of his total incapacity and until the maximum improvement in the condition of the member is reached, as for total disability, subject, however, to the provision, which may be inserted in the agreement between the parties, or in the award, that when the maximum improvement in the condition of the member has been reached, all payments of compensation in excess of the ten-weeks temporary total disability shall be deducted from the amount subsequently awarded for the permanent partial loss of the use of the member. *Stone v. American &c. Co.,* supra. In such a case the Department of Industrial Relations should either exercise the discretion given it by section 41 of the compensation act and allow the employer and insurance carrier credit on the compensation awarded

for the permanent partial loss of the use of the member for all payments made in excess of the ten-weeks healing period, such credit to be allowed when the maximum improvement in the condition of the member is reached, or the Department should permit the employer and insurance carrier to enter into an agreement with the employee that full credit for the excessive payments of compensation made during the employee's temporary total disability should be credited on the compensation for the permanent partial loss of the use of the member, awarded when the maximum improvement in the condition of the member has been reached. In my opinion the judgment of the superior court should be reversed and the case remanded to the Department of Industrial Relations with direction that further proceedings be had in accordance with this opinion.