25435.   TRAVELERS INSURANCE COMPANY *et al. v.* REID.

DECIDED JUNE 18, 1936.   REHEARING DENIED JULY 23, 1936.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Curry & Curry,* contra.

JENKINS, P. J.   The facts in this case with reference to the original award are fully set forth in former decisions.   46 *Ga. App.* 168 (167 S. E. 222) ; 49 *Ga. App.* 317 (175 S. E. 414).   That award of the single commissioner, who heard the evidence, found that the claimant, since the date of injury, December 4, 1930, "was not able to engage in his usual occupation, nor was he physically fit for competitive labor of any kind," and allowed him additional compensation of $15 a week (his weekly wages being $31.50) from August 8, 1931, "continuing during disability within the limits fixed by law, or until there has been a change of condition which authorizes the commission to modify or change the award."   The insurance carrier had previously paid to the claimant $15 a week from December 11, 1930, through August 8, 1931, 34-1/2 weeks, a total of $517.50.   On review the full commission approved the award, and held:   "It is insisted that the injury was confined to the specific member, and for that reason the award is illegal.   While the evidence shows that the leg was crushed, it further shows that the claimant was totally disabled for engaging in competitive labor at the time compensation was stopped and at the time of the hearing.   .   .   Section 30 does not undertake to say in what part of

the body the injury must be located to produce total incapacity for work. The department is of the opinion that so long as total incapacity for work exists as a result of an injury, the spirit of the law contemplated that compensation should be paid for such total incapacity; and that should it develop thereafter, when total incapacity ceases, that the injury is confined to a member, then the award should be modified and the employer and insurance carrier given credit for the time payments have been made under the new or modified award. . . This award will be modified whenever authorized by a change in condition, and the employer and insurance carrier then given credit for the time compensation has been paid." On appeal by the employer and the insurance carrier, the superior court entered this order: "It appears that [the claimant] sustained an injury that resulted in the *loss of use of his leg;* that according to the findings of the commission the superior weight of the evidence in the case showed that at the time the compensation payments were stopped, and even at the time of the hearing before the commission, . . the claimant *was not able to engage in his usual occupation, nor was he physically fit for competitive labor of any kind.* Under the decision of the commission, the claimant would clearly be entitled to compensation for *total disability* during such time as he would be *unable to engage in competitive labor.* This would be true whether the *total disability be occasioned by an injury confined to a particular member of the body or otherwise.* In this particular case the *total disability* was occasioned by an *injury to the leg* of the claimant, and was *confined to that particular member;* and it is the opinion of the court that the findings of the commission should have so stated. It is therefore ordered that the award be and the same is hereby affirmed upon condition and direction that the compensation continue for a period not exceeding 185 weeks, including the weeks for which the said [claimant] has already been paid, and continue until there may be a changed condition, at which time the employer and insurance carrier may have further inquiry before said commission, it being intended herein to affirm said findings of said commission, but to confine the same under the evidence in the record to 185 weeks." This court (46 *Ga. App.* 168, 171) affirmed that judgment, and held: "Where an employee receives an injury which, though confined to his leg, results in total incapacity for an indefinite period

of time, he is entitled, *under section 30* of the workmen's compensation law, to receive *total-disability compensation* during the period of such *total incapacity* and until a change in condition or the limitation provided by law is reached." In the opinion it was said that "the claimant is to receive *total disability* until a change of condition, at which time he will receive compensation for permanent *partial loss of use of his leg,* if on a review of the former award such compensation should appear to be proper." (Present italics ours.) On certiorari (178 *Ga.* 399) the Supreme Court reversed this conclusion, and held: "It appears from the evidence taken by the industrial commission that the *only injury* suffered by the employee is in the *foot and leg.* A different case would be presented if the evidence had shown that in consequence of such injury the employee had suffered a superadded injury or disease affecting other portions of his body, as a result of which he had become *totally disabled.* This case is controlled by the principles announced in *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), followed by *Maryland Casualty Co.* v. *Smith,* 44 *Ga. App.* 840 (163 S. E. 247). Inasmuch as no disability of the employee is shown to be the result of any cause other than pain incident to the *injury to the leg,* compensation should have been awarded under section 32 of the workmen's compensation act of 1920 (Ga. L. 1920, p. 184), as amended by the act of 1923 (Ga. L. 1923, p. 95) ; and compensation for *total disability* can not be awarded in excess of the ten weeks specified in the act of 1923. The Court of Appeals *erred in holding that though the employee's injury was confined to his leg, if it resulted in total incapacity for an indefinite time,* he is entitled to receive *total-disability compensation during the period of such total incapacity,* and until a change in condition or until the limitation fixed by law is reached *under sec. 30* of the workmen's compensation act." (Italics ours.)

This court by a majority decision (49 *Ga. App.* 317) held: "Where an injury sustained by an employee is confined solely to his leg, he is not entitled, under section 30 of the workmen's compensation act, to compensation for *total incapacity for work,* but he is entitled, under section 32 of that act, to compensation for *total incapacity not exceeding 10 weeks;* and if there is then a total loss of use of the leg, he is entitled, under section 32 of the act, to compensation for the loss of use of the leg, not to exceed 175 weeks.

If during that period there should be a change in his condition to only a partial use of the leg, the award should be reopened under section 45 of the act, and diminished in the proportion that the partial loss of use is to the total loss of use of the leg." (Present italics ours.) Under this construction of the decision of the Supreme Court, which was elaborated in the opinion, this court said: "The judgment of the superior court is reversed, with direction that the claim be remanded to the Department of Industrial Relations, with instruction that it determine the number of weeks, not including the ten-weeks healing time, that the claimant suffered an *entire loss of use of such leg,* provided there were no other superadded injuries arising therefrom, and that compensation be awarded for such length of time, giving credit for the payments already made, *and, if there has been a total or partial recovery, discontinue or decrease the award as of the time such total or partial recovery took effect."* (Present italics ours.) Application for certiorari from this decision was denied by the Supreme Court. 51 *Ga. App.* 978. Evidence as to these questions was taken before a director of the Department of Industrial Relations, and by direction of the full board additional testimony was later taken, as stated by the department, "for the purpose of more accurately determining, if possible, the exact date the maximum improvement was reached in the leg, . . to determine, if possible, the period of time for which [the claimant] would be entitled to compensation for *the total loss of function of the leg, and establish the date on which compensation payments should be reduced* in accordance with the direction of the Court of Appeals in their order remanding the case for this purpose." The full board found that the claimant "suffered a total loss of use of his leg from December 4, 1930, up to January 1, 1933, at which time the maximum improvement was reached, leaving him with a permanent partial disability to the left leg to the extent of 10 per cent. as a result of the injury, which has continued since that time;" that the claimant had been paid $15 a week for 34-1/2 weeks, including 10-weeks healing period, and that these payments ceased on August 8, 1931; that the claimant was entitled to compensation for the total loss of use of the leg, beginning December 11, 1930, until January 1, 1933, 107-1/3 weeks, at $15 a week; that he was entitled to 10 per cent. of $15 a week, $1.50, from January 1, 1933, for 77-2/3 weeks, representing the

remainder of 185 weeks; all in payment for his total loss of use of the leg in excess of 10 weeks for temporary total disability, and for his 10 per cent. partial loss of use of the leg; that the employer have credit for the previous payments, resuming payments as of August 9, 1931; and that since all of the compensation awarded was due and payable, this should be paid in the lump sum of $1209. The testimony as to the extent and duration of the total disability and the total loss of use of the leg, and when the 10 per cent. partial loss of use, as found by the department, began, was conflicting and not altogether clear and satisfactory from the standpoint of either the claimant or the employer and insurance carrier. , There was testimony from witnesses for the claimant which would have authorized a finding that there were both total incapacity for work and total loss of use of the leg extending from the time of the accident until December, 1933, when the claimant first began to work again, and which time was nearly one year later than the time fixed by the department for the termination of compensation for the total loss of use. Part of the testimony of the claimant was to the same effect. He also testified: "The last improvement I remember noticing in my leg, I would say it was along in the first of 1933, I would imagine. I think it just about reached the maximum improvement then." Q. "Would you say it was in about the same condition on January 1, 1933, as it was on December 10, 1933?" A. "I imagine it was." In other words, while the claimant testified that the condition was about the same on the two dates, he contended that the total loss of use of the leg continued for about a year longer than the period allowed by the department. He testified that he continually suffered pain since December, 1933, and had not been able to work before the latter date, and then only on part time with difficulty and pain. The 10 per cent. loss of use was not arived at from testimony of the claimant, but was apparently fixed from the testimony of physicians that this would be their estimated percentage, if a claimant continued to suffer pain as this employee contended.

On appeal to the superior court, and a writ of error from its judgment affirming the award, the employer and the insurance company attack the award and judgment and the former decision of this court in 49 *Ga. App.* 317 (supra), as contrary to the decisions of the Supreme Court in this case in 178 *Ga.* 399 (supra),

and in *Liberty Mutual Insurance Co.* v. *Clay,* 180 *Ga.* 294 (178 S. E. 736), *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (2), supra, and other decisions of this court. They contend that the award is contrary to law, because unsupported by any evidence of a total loss of use of the leg until January 1, 1933; that the department failed "to ascertain and determine from time to time the extent of the partial loss of use;" that under the evidence the total loss of use could not have changed to a 10 per cent. partial loss of use on January 1, 1933, "within the space of a few hours;" and that the department "did not have the power or authority, after the maximum improvement in the condition of the leg had been reached, to go back and make an award as for a temporary loss of use of said leg between September, 1931, and January, 1933." The Supreme Court, on the certiorari from the decision of this court on the former writ of error in this case, held that where the sole injury to the claimant under the workmen's compensation act was to a leg, his compensation was determinable under section 32 of the act and the amendment thereto, and that *total disability compensation* could not be awarded for a period in excess of the *10 weeks* specified by the amendment. *Travelers Insurance Co.* v. *Reid,* 178 *Ga.* 399 (173 S. E. 376). The effect of that holding was merely to reverse one of the rulings of this court, that "where an employee receives an injury which, though confined to his leg, results in total incapacity for an indefinite period of time, he is entitled, under section 30 of the workmen's compensation law, to receive *total-disability compensation during the period of such total incapacity* and until a change in condition or the limitation provided by law is reached." 46 *Ga. App.* 168 (supra). The holding of the Supreme Court was based on the earlier decision in *Georgia Casualty Co.* v. *Jones* (supra), where it was held that "compensation for the loss of a member, under section 32 of the workmen's compensation act of this State, is in full for such specific injury, and excludes compensation for temporary total disability arising solely from the loss of such member," under section 30. Thus, under the *Jones* decision, as modified by the 1923 amendment to section 32, allowing 10 weeks of temporary total-disability compensation where an injury results in loss of or loss of use of a member, and under the Supreme Court's decision in this case, an employee is entitled to no "longer than 10 weeks" of "compensation for *total incapacity*

*to work,"* as fixed by section 30, that is one half of his average weekly wage, but not more than $15 or less than $4 a week, this 10-week period being known as "healing time." Thereafter, under the first portion of section 32 and subsections (o) and (r), for any *"permanent partial industrial handicap,"* caused by a *"total loss"* or *"total loss of use"* of a leg, he is allowed 50 per cent. of the average weekly wages during 175 weeks, and for any *partial loss* or *partial loss of use* of the leg, he is allowed such proportionate amount as the partial loss may bear to a total loss, with maximum and minimum weekly payments as fixed by section 30.

Under these rules, where the instant injury undisputedly was confined to one leg, the claimant would be legally entitled, if the evidence so authorized, to a maximum of 10 weeks for *temporary total-disability compensation, as such,* at one half of the weekly wages of $31.50 up to the maximum legal amount of $15 a week. At the expiration of this 10-week period he would be entitled, if the evidence so authorized, to the same weekly amount of $15 for any *"total loss of use"* of the leg up to the 175-weeks limit fixed by subsection (o) of section 32; this amount being in addition to the 10 weeks of *"total incapacity"* compensation. Under section 45, following an award or an approved agreed payment for "total incapacity" to work during the maximum 10-week period, or for a "permanent partial industrial handicap" by a total loss of use of the leg, the department could make an award ending or diminishing the compensation previously awarded or agreed upon and approved, and, according to the change in condition of the claimant under the evidence, could diminish the amount of compensation to the extent that only a partial loss of use was shown to exist, or could continue the compensation within the limits prescribed by the statute, or could end the compensation if the use of the leg was fully regained. As was held by the Supreme Court in *Liberty Mutual Insurance Co.* v. *Clay,* supra, "for a compensable injury to a specific member, resulting in a varying loss of use, the employee is entitled to compensation according to his actual condition, to be determined by the Department of Industrial Relations from time to time. An award should not be withheld for the purpose of adjusting the compensation on the basis of the condition of such member after maximum improvement has been reached." Under that holding and the holding on certiorari in this case, under sec-

tion 45 of the act, and under the direction of this court in its previous remand of this case after the decision on certiorari, the Department of Industrial Relations was authorized, at the termination of the maximum 10 weeks of total-disability compensation, to allow such amounts as the evidence might actually show were authorized for any additional periods for total loss of use and for partial loss of use of the claimant's leg, to the maximum limit of 175 weeks and the maximum amount of $15 a week.

The decision of this court, upon remand of the case (49 *Ga. App.* 317) after the decision on certiorari (178 *Ga.* 399) did not misconstrue, but was in full accord with, the rulings of the Supreme Court. The Supreme Court having refused an application for certiorari from the judgment and decision of this court remanding the case to the superior court and the Department of Industrial Relations for further proceedings, that decision on the remand (51 *Ga. App.* 978) is the law of the case, and is controlling on this writ of error. The superior court and the department properly followed the directions of this court upon the remand. A finding of fact by the Department of Industrial Relations, when supported by evidence or logical and proper inferences therefrom, being conclusive in the absence of fraud (*Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812, 129 S. E. 75; *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909, 915, 122 S. E. 881; *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261, 175 S. E. 577), the superior and appellate courts are without power to reverse an award based upon such authorized findings of fact. In the instant case the department properly made its award of compensation for a total loss of use and an ensuing partial loss of use of the claimant's leg for the periods and the amounts found; and the superior court, on appeal, did not err in affirming such award, since it can not be held to be wholly unsupported by testimony.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*