## 36050. UNITED STATES FIDELITY & GUARANTY COMPANY *et al. v.* LANDEN.

DECIDED FEBRUARY 20, 1956.

350

*Hardin & McCamy*, for plaintiff in in error.
*Pittman, Kinney & Pope*, contra.

GARDNER, P. J. Counsel for the defendants argue that the facts found by the State Board of Workmen's Compensation do not support the award and order and that there is not any competent evidence in the record to warrant and sustain the award and order of the State Board of Workmen's Compensation. It is true that in order for an injury and death to be compensable, the death must result from an accident arising out of and in the course of the employment, or must be a result thereof. It is also true that the burden of proof is on the claimant to show that the death so resulted. See *Johnson* v. *Firemen's Fund Indemnity Co.*, 79 *Ga. App.* 187 (1) (53 S. E. 2d 204), *Liberty Mutual Ins. Co.* v. *Harden*, 85 *Ga. App.* 830 (2) (70 S. E. 2d 89) and *Lockheed Aircraft Corp.* v. *Marx*, 88 *Ga. App.* 167 (76 S. E. 2d 507). Counsel for the defendants also argue that where the evidence is consistent with either of two opposing theories, the evidence proves neither of the theories and cites in support thereof the following cases: *Taylor* v. *State*, 44 *Ga. App.* 387, 417 (161 S. E. 793); *Federal Reserve Bank of Atlanta* v. *Haynie*, 46 *Ga. App.* 522 (168 S. E. 112); and *American Mutual Liability Ins. Co.* v. *Harden*, 64 *Ga. App.* 593, 595 (13 S. E. 2d 685). It is our opinion that the testimony of the two physicians left no doubt as to the cause of death. It necessarily follows that there is only one theory involved. Where there is no controversy in the evidence material to the issue involved and the implications and inferences which logically and properly arise from the evidence necessarily lead to only one conclusion, a finding of fact is demanded by law. See *Employer's Liability Assur. Corp.* v. *Woodward*, 53 *Ga. App.* 778 (3) (187 S. E. 142). It is true that there is never any presumption that an injury causes a death. See *Lockheed Aircraft Corp.* v. *Marx*, supra. In the instant case there is sufficient competent evidence that sustains the award of the State Board of Workmen's Compensation and this court is without authority to set aside the award. *Milam* v. *Ford Motor Co.*, 61 *Ga. App.* 614 (7 S. E. 2d 37). See also *Travelers Insurance Co.* v. *Bacon*, 30 *Ga. App.* 728 (119 S. E. 458); *Travelers Insurance Co.* v. *Reed*, 54 *Ga. App.* 13 (186 S. E. 887); *Maryland Casualty Co.* v. *Sanders*, 182 *Ga.* 594 (186 S. E. 693) and *Liberty Mutual Insurance Co.* v. *Blackshear*, 197 *Ga.* 334 (28 S. E. 2d 860). When the claimant made out a prima facie case then the burden shifted to the defendants

to show by competent evidence that the death of the deceased was caused by some supervening cause. *Thompson-Weinman Co.* v. *Yancey,* 90 *Ga. App.* 213 (82 S. E. 2d 725). Such a situation is not shown in the instant case. In *Georgia Ry. &c. Co.* v. *Clore,* 34 *Ga. App.* 409, 410 (129 S. E. 799) this court said: "An injury is received in the course of the employment when it comes while the workman is doing the duty which he is employed to perform. It arises out of the employment, where there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." See also *Georgia Marble Co.* v. *McBee,* 90 *Ga. App.* 406 (2) (83 S. E. 2d 253), wherein this court said: "Where, in such a proceeding as indicated above, there is evidence from which it may be inferred that the claimant suffered a heart attack due to exertion while on the job, although the exertion was in the normal performance of his duties, and he was just as likely to have sustained the heart attack off the job as on, due to a congenital heart defect, the injury sustained is still compensable although the pre-existing heart condition was a major contributing factor in the injury. *Hartford Accident Ins. Co.* v. *Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70), and citations; *Hardware Mutual Casualty Co.* v. *Sprayberry,* 195 *Ga.* 393 (24 S. E. 2d 315); *Georgia Power Co.* v. *Reid,* 87 *Ga. App.* 621 (74 S. E. 2d 672)."

In *Bussey* v. *Globe Indemnity Co.,* 81 *Ga. App.* 401, 404 (59 S. E. 2d 34), this court said: "It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive."

The State Board of Workmen's Compensation did not err in the finding of facts and award in favor of the plaintiff, nor did the Superior Court of Whitfield County err in affirming this finding of facts and award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*