### 16963. UNITED STATES CASUALTY CO. *v.* MATTHEWS.

JENKINS, P. J. Plaintiff in error excepts to a judgment of the superior court sustaining an award of the industrial commission in favor of a widow, under the workmen's compensation law. It is not disputed that the husband, on November 26, 1924, sustained a severe physical injury, arising out of and in the course of the employment covered by the insurance, by which his ankle was dislocated and certain ligaments torn. It appears that prior to the injury he was in vigorous health; that the injury caused much continued swelling of the ankle, pain, and loss of sleep, resulting in an enfeebled and weakened condition of health; that he continued to receive medical treatment for the injury until he was wholly confined to his bed on December 22, complaining of pain in the eyes, and that, becoming unconscious soon thereafter, he died after two days of acute illness. The testimony of one of the physicians who attended him in the last stages of his illness was to the effect that no satisfactory evidence of any organic trouble could be obtained; that in the absence of laboratory and modern appliances, nothing could be definitely told as to the nature of the final trouble; that it was thought at first, by the attending physicians, to be an uremic trouble, but finally it was thought, as a matter of opinion only, to be something akin to apoplexy, to which the injured foot might have been a contributing cause. This physician testified that "if the foot had brought on apoplexy, it would have been caused by the pain and poison that his system absorbed from the foot;" that such a result "might have happened a long time afterwards;" and that one "can not swear positively that the injury to the foot caused the death." *Held:*

1. The finding of the industrial commission upon the facts can not be set aside, if there is evidence to support it. "It is conclusive and binding upon all the courts." *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810, 812 (129 S. E. 75).

2. What consideration expert testimony is entitled to is a question for the

---

Evidence, 22 C. J. p. 728, n. 73.

Torts, 38 Cyc. p. 442, n. 88; p. 447, n. 98.

Workmen's Compensation Acts, C. J. p. 66, n. 27; p. 70, n. 54; p. 122, n. 40.

jury. *Rouse* v. *State*, 135 *Ga.* 227 (69 S. E. 180). "And especially is this true when the opinion announced by the witness is coextensive with the entire scope of the jury's investigation, and is absolutely decisive of the only issue to be determined by the jury." *Hall* v. *General Accident Assurance Corp.*, 16 *Ga. App.* 67 (2) (85 S. E. 600).

3. Under the evidence submitted in this case, it was for the commission to say, in the light of all the proved facts and surrounding circumstances, including the expert testimony, whether or not the injury set forth was the proximate cause of the death. In arriving at a conclusion upon this question they were privileged, but not compelled, to accept the expert testimony tending to show that the immediate cause of death was something akin to apoplexy. But even if they so believed, they still, under the evidence, would have been authorized to find that the apoplexy, if it did exist, might have been, and was, naturally and unavoidably brought about by reason of the pain from the injury and the poison which the decedent's system had absorbed from the foot, as its proximate cause. Even if, under the expert testimony, the condition of the decedent must have been such as would predispose him to such an attack from such a cause, if such result followed naturally and unavoidably from the injury, the original injury, and not the forces thus put into operation by it, could be regarded as the active, proximate cause of the final result. *Hall* v. *General Accident Assurance Corp.*, supra. Proximate cause has been defined as the "responsible, active, operative and continuing cause, as well as the probable and natural result of, the injury." 3 Words and Phrases (2d series), 1324. Thus, while it is true that if some efficient and independent agency intervenes to bring about a result such as would not naturally have flowed from the original act or cause, the result thus occasioned can not be said to have been proximately caused by such original act, still, in order for this rule to apply, such intervening agency must be independent in character, so as to break the natural sequence of results. If the original act be such as to put other forces in operation so as naturally and unavoidably to bring about the existence of the intervening agency, its effect, or result, can still be properly attributed to the original cause as the proximate cause.

       *Judgment affirmed. Stephens and Bell, JJ., concur.*

       DECIDED JUNE 16, 1926.

Appeal; from Lincoln superior court—Judge Perryman. October 31, 1925.

*Clement E. Sutton,* for plaintiff in error.

*Burnside & McWhorter,* contra.