20318.  SOUTH *v.* INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA *et al.*

DECIDED JULY 15, 1930.  REHEARING DENIED OCTOBER 2, 1930.

*J. I. Hynds,* for plaintiff.

*Sidney Smith, James N. Frazer,* for defendant.

BLOODWORTH, J.  A. South, employee, filed a claim against Yancey Brothers, employer, and the Indemnity Insurance Company of North America, insurance carrier, for compensation.  This is the second appearance of the case in this court, and a change in a former award is being asked by the claimant, on account of a change in his condition.  After hearing the testimony Commissioner Whitaker, who heard the case, wrote: "The medical testimony submitted by him [claimant] indicates that he has more than a fifty per cent. permanent disability.  The medical testimony submitted by the employer and insurance carrier and that of a disinterested physician, Dr. C. W. Roberts, who had previously examined the claimant, is to the effect that there had been no change in his physical condition since their last examination."  Having determined, from the evidence, that there had been no change in the condition of the claimant, the sole commissioner denied additional compensation.  The claimant then appealed to the full commission, which, after considering the case, affirmed the award of the sole commissioner and also denied additional compensation.  Claimant then appealed to the superior court of Fulton county, and that court affirmed the award of the full commission.  "On an appeal to the superior court from an award made by the industrial commission the judge of the superior court has no discretion to set aside the award, but where the award is sustained by some legally competent evidence, it is his duty, unless some error of law appears, to affirm the award."  *Blanchard* v. *Savannah River Lumber Co.,* 40 *Ga. App.* 416 (2) (149 S. E. 793).  There is "some legally competent evidence" in this case to sustain the award.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*