32426. JOHNSON *v.* FIREMAN'S FUND
INDEMNITY CO., *et al.*

188

Decided April 29, 1949.

*Smith, Partridge, Field, Doremus & Ringel,* for plaintiff.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for defendants.

SUTTON, C. J. (After stating the foregoing facts.) In order for a death to be compensable to a dependent under the provisions of the Workmen's Compensation Law, it must result "instantly from an accident arising out of and in the course of employment" or later result "proximately therefrom." (Code, Ann. Supp., § 114-413) ; and the burden of proof is on the claimant to show that the death so resulted. See *Dorminy* v. *American Mutual Liability Ins. Co.,* 61 *Ga. App.* 301, 303 (6 S. E. 2d, 67). There is no issue in this case in respect to the fact that the deceased employee was injured in an accident arising out of and in the course of his employment on May 28, 1947; but the controlling issue is whether or not his death, in January, 1948, resulted "proximately therefrom." The State Board of Workmen's Compensation, in reversing the award of the hearing director, stated, among other things: "Claimant has failed to carry the burden of establishing the fact that the death of the deceased resulted directly from the accidental injury sustained on May 28, 1947. . . There is no definite evidence which would reasonably connect the injury with the deceased's death. . . It is the further opinion of the board, predicated on a careful study of the evidence, that . . death did not result directly or indirectly from the accident sustained by the deceased on May 28, 1947, nor does it appear that the accident was a contributing cause." It is settled law that findings of fact made by the State Board of Workmen's Compensation, if supported by any competent evidence, are conclusive in the absence of fraud, and cannot be set aside by the courts. *Harper* v. *National Traffic Guard Co.,* 73 *Ga. App.* 385 (36 S. E. 2d, 842). On the review of an award by

a director of the State Board of Workmen's Compensation, the full board acts as a fact-finding body and may reverse the award of a single director, although there be some evidence to support the finding of the director, but in reviewing an award by the board denying compensation, the courts must affirm the award of the board if there is evidence favorable to the employer authorizing the award denying compensation. *American Mutual Liability Ins. Co. v. Bond,* 62 *Ga. App.* 562, 564 (8 S. E. 2d, 715), and citations.

According to the claimant, the deceased suffered pain from the date of the injury in May, 1947, until his death some nine months later in January, 1948, and during this period he was not able to work as well or as much as before the accident. This was, to some extent, substantiated by testimony of coemployees. However, this did not explain the cause of his death, although it is subject to an inference that there may have been a connection between the injury and his death. Wilder, his supervisor, testified that he noted a decrease in his ability to work prior to the accident, as well as after the accident, and he also testified in respect to the payroll records, showing that Johnson did work with some degree of regularity after the accident, over the entire period of nine months.

Dr. Durham testified that he examined Johnson only once, three days before his death, although he signed the death certificate, and in his opinion, the deceased died from a cerebral hemorrhage caused by a brain tumor, which was caused by the accident. The evidence does not show the actual existence of a brain tumor caused by the accident, but is the opinion of a medical expert that the deceased had a brain tumor. In conflict with this is the testimony of Dr. Collinsworth, to the effect that the injury that Johnson received, which he actually saw and examined the day following the accident, in May, 1947, would not likely cause a brain tumor, and when Dr. Collinsworth examined Johnson later, in September, 1947, he found that he was suffering from a severe heart condition, and not from any ailment connected with the accident. Dr. Collinsworth also testified that the usual termination of a person suffering from such a heart condition was, among other things, cerebral hemor-

rhage. If the testimony of Dr. Collinsworth, as to what may have caused the cerebral hemorrhage, is accepted in preference to that of Dr. Durham, death was not caused by a brain tumor caused by the accident. Neither Dr. Durham nor Dr. Collinsworth saw the deceased at the time of death, January 28 or 30, 1948, nor did either of them make an examination of the deceased thereafter to determine the cause of death.

The State Board of Workmen's Compensation weighs and evaluates the evidence, and the apparent conflicts in the evidence have been shown merely to point out that whether or not the accident on May 28, 1947, had any connection with the death of Johnson in January, 1948, was a matter which involved the weighing and evaluation of the evidence, and the inferences arising therefrom. It is clear from the record that the board determined, from a consideration of the evidence: (1) that the claimant did not establish the fact that her husband's death was the result of the injury received on May 28, 1947, from an accident arising out of and in the course of his employment; and (2) that his death was not in any way connected with said accident. Either of these views is entirely consistent with the evidence and is authorized by the evidence. The findings of fact by the board, when authorized by the evidence, cannot be disturbed by the courts, and the judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation denying compensation.

The plaintiff in error cites and relies upon *Royal Indemnity Co.* v. *Land*, 45 *Ga. App.* 293 (164 S. E. 492). That case is distinguishable from the present case. In the case last cited, a brain tumor was actually shown to exist a short time after the accident; the medical testimony indicated that the accident caused or aggravated the brain tumor; "no witness testified that the tumor was not caused by the injury"; the employee died some three weeks after an operation in which a large portion of the tumor was removed; and the Industrial Commission found, as a matter of fact, that the accident was the cause of death. But in the present case there was evidence authorizing the board to find that the injury in question would not likely cause a brain tumor and that no brain tumor existed, and that the

194

deceased's death was not due to a brain tumor proximately caused by the accident he sustained; and the board found, as a matter of fact, that the death of the deceased did not result directly or indirectly from the accident sustained by him, and that the accident was not a contributing cause of his death.

*Judgment affirmed. Felton and Parker, JJ., concur.*