85 Ga. App. 830 (1952)
70 S.E.2d 89
LIBERTY MUTUAL INSURANCE COMPANY et al.
v.
HARDEN.
33914.
Court of Appeals of Georgia.
Decided March 19, 1952.
Rehearing Denied April 2, 1952.
Neely, Marshall & Greene, for plaintiff in error.
E. B. Shaw, contra.
*834 FELTON, J.
1. The Court of Appeals may set aside an order or decree of the Directors of the Workmen's Compensation Board if there is not sufficient competent evidence in the record to warrant the directors in making the order or decree complained of, or if the order or decree is contrary to law. Code, § 114-710.
2. "In order for a death to be compensable to a dependent under the provisions of the Workmen's Compensation Law, it must result instantly from an accident arising out of and in the course of employment, or later result proximately therefrom; and the burden of proof is on the claimant to show that the death so resulted." Johnson v. Fireman's Fund Indemnity Co., 79 Ga. App. 187 (1) (53 S. E. 2d, 204). Therefore, in the instant case, the claimant had the burden of proving that the skull fracture received by her husband in his fall on October 26, 1948, proximately caused the "embolism or blood clot to the left lung" which resulted in his death on September 19, 1950; and, since even that testimony of the medical witnesses most favorable to the claimant was problematical and conjectural, the claimant failed to carry such burden of proof; and, further, the claimant's evidence at its best was consistent with either of two opposing theories and therefore proved neither (Federal Reserve Bank of Atlanta v. Haynie, 46 Ga. App. 522 (1), 168 S. E. 112; Taylor v. State, 44 Ga. App. 387, 417, 161 S. E. 793; American Mutual Liability Ins. Co. v. Harden, 64 Ga. App. 593, 595, 13 S. E. 2d, 685); and the court erred in affirming the award of the full board.
Judgment reversed. Sutton, C. J., and Worrill, J., concur.