35124. NEW AMSTERDAM CASUALTY COMPANY *et al. v.* BROWN.

QUILLIAN, J. 1. "The claimant in a workmen's compensation case having proved the injury and subsequent pain, disability, and death, and that the deceased's pain began the day he was injured and lasted until he died, the burden was upon the employer and the insurance carrier, under the particular facts of this case, to prove, as a matter of affirmative defense, that some intervening or pre-existing agency was the cause of his death, rather than the injury proved by the plaintiff." *Royal Indemnity Co.* v. *Land,* 45 *Ga. App.* 293 (164 S. E. 492).

2. While in the instant case there was some conflict in the evidence as to whether disability continued from the date of the injury until the date of the employee's death, the evidence authorized the finding that it did. The doctor who examined the employee on behalf of the employer after he sustained the accidental injury testified that the employee suffered minor contusions over his body, and that he found the employee able to return to work 8 days after the injury, and actually dismissed him as being able to work at that time. The evidence of the claimant, the deceased employee's wife, showed that before the accident her husband was a healthy and able-bodied person, that after he received the injury he never recovered, was never able to work, steadily deteriorated physically, and was observed to spit up blood on several occasions, and that he died 29 days after the accident. The evidence also showed that the deceased was 71 years of age at the time he sustained the injury. This evidence was sufficient to authorize the finding that the deceaased's disability which followed the accidental injury was caused thereby; and this being the only real issue in the case, the original injury admittedly having arisen out of and in the course of the employment, the award of compensation was authorized, and the judge of the superior court did not err in affirming the award of the single director in view of the rule of law announced in the first headnote. *Liberty Mutual Ins. Co.* v. *Williams,* 44 *Ga. App.* 452 (161 S. E. 853); *United States Casualty Co.* v. *Kelly,* 78 *Ga. App.* 112 (50 S. E. 2d 238).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*
DECIDED OCTOBER 26, 1954.

*Fulcher, Fulcher & Hagler,* for plaintiffs in error.
*Harris, Chance & McCracken,* contra.