### 35133. DAVIS v. ATLANTIC STEEL CORPORATION

QUILLIAN, J. 1. A death certificate filed under the provisions of law shall be prima facie evidence of the facts stated therein (Code, Ann. Supp., § 88-1118); and though such presumption is a rebuttable one (Mc-Waters v. Employers Liability Assur. Corp., 73 Ga. App. 586, 37 S. E. 2d 430), it is a question for decision by the fact-finding body whether conflicting evidence introduced was sufficient to rebut such presumption.

2. Where the evidence showed an accidental injury to the employee's leg and subsequent amputation of the leg, which amputation was adjudicated, on a previous hearing, to have been compensable, and where thereafter the employee was continuously disabled from performing any work and suffered more or less continuous pain, discomfort, and disability followed by his death, it may be said that such evidence raised a presumption that his death resulted from the accidental injury to his leg, and the burden was on the employer to prove as a matter of affirmative defense that some intervening or pre-existing agency was the cause of death. Royal Indemnity Co. v. Land, 45 Ga. App. 293 (164 S. E. 492). However, the relative weight of this presumption and the prima facie case shown by the introduction of the death certificate was also for the consideration of the trior of the facts.

3. Therefore—where the evidence showed the facts outlined in the foregoing headnotes, and where the death certificate introduced in evidence showed that the death was due to a coronary occlusion, and where several physicians testified, after stating the facts on which they based their opinions, or in response to hypothetical questions, that the injury and amputation of the employee's leg could not have had any causal connection with his death due to a coronary occlusion over a year later; "that it was an anatomical impossibility" for such injury and operation to project a clot into the blood stream and thence to the blood vessels that nourish the heart muscle, because such clot, in order to get to the vessels supplying the heart muscle with blood, would have to traverse the lungs, and that the capillaries of the lungs are too small to permit the passage through them of a clot of a size that would cause a coronary occlusion by lodging in and blocking the flow of blood through such vessels supplying the heart muscle—such evidence, when considered in connection with the prima facie proof of the death certificate that the cause of death was a coronary occlusion, authorized the award of the full board denying compensation, and the superior court did not err in affirming that award.

4. While it may be conceded that some of the hypothetical questions, put on direct examination to the expert witnesses who testified for the employer, were inaccurate statements of the facts and that the objections to them should have been sustained, nevertheless it is apparent from a careful reading of the evidence that ultimately the opinions expressed by these witnesses, that the injury and amputation could not have had any causal connection with the coronary occlusion and the death therefrom, were based on substantially correct statements of the facts, brought out by a thorough and sifting examination and cross-examination, including extensive phrasing and rephrasing of the questions, and we cannot say that these conclusions as stated by the expert wit-

nesses were without probative value because not based on correct statements of the facts. Compare *Atlanta Newspapers* v. *Clements,* 88 *Ga App.* 648, 650 (1) (76 S. E. 2d 830).

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*

DECIDED NOVEMBER 17, 1954.

*Currie & McGhee,* for plaintiff in error.

*Jones, Williams, Dorsey & Kane, Hugh Dorsey, Jr.,* contra.