36916. ARMOUR & COMPANY *v.* COX.

DECIDED JANUARY 9, 1958.

*Whelchel & Whelchel, Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter,* for plaintiff in error.

*H. W. Lott,* contra.

NICHOLS, Judge. ■ The evidence was undisputed that on January 10, 1955, Linton Merrill Cox, hereinafter referred to as the employee, suffered an injury to his left hand including his left index finger which injury arose out of and in the course of his employment, that he was not incapacitated as a result of such injury until December of 1955, at which time the employer, under an agreement entered into between it and employee and approved by the board, began paying the employee compensation for a total disability, that in January of 1956 the employee's hand was operated on by Dr. Sumner L. Koch in Chicago, Ill., that the expenses connected with such operation were paid for by the employer, that on June 21, 1956, the left index finger of the employee was removed surgically by Dr. Fred E. Murphy in Thomasville, Georgia, and that the employee died on this same date while in the hospital in Thomasville, Georgia.

The first question presented is whether the evidence adduced on the hearing authorized a finding by the single director that the injury to the employee's hand was a proximate cause of his death.

The record discloses from the uncontradicted evidence that the employee was injured on January 10, 1955, but did not become incapacitated until December of the same year, that he was continually incapacitated from this date until his death and during the interval became progressively worse, that on the date of his death his left index finger was surgically removed as a result of the original injury, and that he died on this same date. The death certificate listed the cause of his death as "Acute respiration failure cause unknown," and listed as other significant conditions was "Old laceration index finger left

hand."

It is well settled that where an employee suffers an accidental injury that is adjudicated to be compensable under the Workmen's Compensation Act (Code, Ann., Title 114), and later undergoes an operation for such injury and dies shortly thereafter having suffered more or less continual pain during the interval between the operation and his death, the presumption arises that such injury was a proximate cause of his death. This presumption is however rebuttable, and when such presumption arises the burden is on the employer to affirmatively prove that such death was caused by some intervening or pre-existing agency. See *Royal Indemnity Co.* v. *Land*, 45 *Ga. App.* 293 (164 S. E. 492); *Davis* v. *Atlantic Steel Corp.*, 91 *Ga. App.* 102 (84 S. E. 2d 839).

While the introduction of a death certificate raises a presumption that the employee died as a result of the cause shown thereon, under the circumstances in the present case it is a question for the trier of the facts as to whether the death was caused by an injury arising out of and in the course of the employment. *Davis* v. *Atlantic Steel Corp.*, 91 *Ga. App.* 102, supra. Especially is this so where as here the attending physician testified in effect that he didn't know what caused the employee's death, that it was not caused by the operation as such but that the employee would still be alive if the operation had not been performed. He also testified that the operation was necessary in order to permit the employee to return to work. Accordingly, the finding of fact by the single director that the employee died as a result of the injury which arose out of and in the course of his employment was authorized by the evidence.

■ The contention is made that the claimant is not entitled to any benefits under the Workmen's Compensation Act because the employee was not operated on by a physician furnished him by the employer, because the operation was not authorized by the employer, and because no emergency was shown which would have authorized the employee to procure his own physician. Code (Ann.) § 114-501.

The record discloses without dispute that the operation was performed by a physician to whom the employee was sent on one occasion by the physician employed by the employer, and

to whom the employer authorized the employee to go on three other occasions. The question here presented is not whether the employer is liable for the "expenses" of the operation, for no exception is taken to that part of the judgment of the superior court, but whether the claimant is estopped from claiming benefits because the operation was not authorized. Therefore, *Hartford Accident &c. Co.* v: *Sutton,* 75 *Ga. App.* 24 (41 S. E. 2d 915), is not applicable to the present case.

The employer authorized the employee to consult with the physician who performed the operation, although it did not authorize the operation. In *United States Fidelity &c. Co.* v. *Brown,* 68 *Ga. App.* 706, 711 (23 S. E. 2d 443), it was said: "There was no obligation on the employee to obtain the permission of his employer to select the doctor to give him treatment, for he was at liberty to select any competent or reputable physician that he desired."

Had the physician who performed the operation been guilty of some malpractice that aggravated the employee's condition, then a different question may have been presented, but here where there was no question of malpractice and the finding was otherwise authorized that the employee died as a result of the injury arising out of and in the course of his employment, the mere fact that the employer did not authorize the operation would not work as a bar to the claimant's right to the benefits which she would otherwise be entitled to.

■ The remaining contention of the employer is that the following excerpt of the judgment of the superior court is erroneous: "Armour & Company, the employer, will pay to Mrs. Ruby L. Cox, the mother and dependent of the deceased, Linton Merrill Cox, the sum of $20.40 a week, and will continue said weekly payments of compensation for 300 weeks from January 10, 1955, the date of the injury, credit being given the employer for the number of weeks for which payment has heretofore been made to the employee." The contention is that the employer should be given credit for the number of weeks intervening between the injury on January 10, 1955, and the death of the employee on June 21, 1956, and that such benefits should be limited to the period of dependency. No contention is made that the amount of the weekly benefits is erroneous or that the claimant is not a dependent entitled to such benefits.

Under the decision of this court in *Columbia Casualty Co.* v. *Whiten,* 51 *Ga. App.* 42 (179 S. E. 630), and Code (Ann.) § 114-413 the employer's contention as to the period of compensation must be sustained, and the superior court is directed to enter a judgment for the claimant awarding benefits for the number of weeks remaining when the number of weeks which the employee remained in life after the injury is subtracted from 300 weeks, and that such benefits be limited to the period of dependency.

*Judgment affirmed with direction. Felton, C. J., and Quillian, J., concur.*