37170. PARKS *et al. v.* AMERICAN FIDELITY & CASUALTY COMPANY, INC., *et al.*

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 8, 1958.

834

*Phillip Slotin, Duke, Durden & Slotin,* for plaintiffs in error.

*A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

GARDNER, Presiding Judge. It is true, as contended by counsel for the claimant, that the deputy director of the State Board of Workmen's Compensation stated that the claim was based on hernia, and stated that the question before the board on that point was "whether or not in having an operation for the hernia

and dying from coronary occlusion there was any causal connection between his accident and injury and his death." Counsel for the claimant cite *Glens Falls Indem. Co.* v. *Clark*, 75 *Ga. App.* 453, 458 (43 S. E. 2d 752) wherein it was held (as has been held many times) that the finding of facts of the State Board of Workmen's Compensation is controlling in the superior court and on the Court of Appeals in the absence of fraud, where such finding is supported by any competent evidence, but where the board arrives at an award by basing such findings on an erroneous conclusion drawn from the facts and the law applicable thereto, such may be reversed by the superior court. This is a true principle of law. Counsel cite also *Liberty Mutual Ins. Co.* v. *Harden*, 85 *Ga. App.* 830 (70 S. E. 2d 89) wherein it was held that the Court of Appeals may set aside an order of the State Board of Workmen's Compensation if there is not any sufficient competent evidence in the record to warrant the order or decree or that such order or decree is contrary to law. This is also a true principle of law. We note counsel's citation of *United States Cas. Co.* v. *Matthews*, 35 *Ga. App.* 526, 527 (133 S. E. 875). That case also sets out correct principles of law. It will be noted that in the instant case the deceased had no alternative. He had to submit to the operation, even though the diagnosis was incorrect. The operation developed that the deceased had no hernia; he died of coronary occlusion.

Counsel for the defendants cite many cases to support the contention that the findings of fact and award of the State Board of Workmen's Compensation should be affirmed, among them the following: *Jones* v. *American Mutual Liability Ins. Co.*, 45 *Ga. App.* 392 (165 S. E. 167), *Merritt* v. *Continental Cas. Ins. Co.*, 65 *Ga. App.* 826 (16 S. E. 2d 612), *Maddox* v. *Buice Transfer &c. Co.*, 81 *Ga. App.* 503 (59 S. E. 2d 329), *Hoffman* v. *National Surety Corp.*, 91 *Ga. App.* 414 (85 S. E. 2d 784), and *Rivers* v. *Travelers Ins. Co.*, 93 *Ga. App.* 779 (92 S. E. 2d 818). While none of the cases cited by counsel are on all fours with the case at bar, neither are they contrary to what we hold here.

In deciding this case we are constrained to point out again that the hearing director found that the deceased had a hernia; the doctor diagnosed the case as hernia; the deceased was operated on for hernia; the operation showed that the deceased had

no hernia, that he died as a result of coronary occlusion. The hearing director stated: "In considering the second issue as to whether or not the accident and injury which I find as a matter of fact that he did have and accident and injury which arose out of and in the course of his employment and the injury was to his low back. The evidence shows that this happened on November 20, 1956, and he worked almost regular until December 9, 1956, on which night it developed that he had a hernia. Now the question is whether or not in having an operation for the hernia and dying from coronary occlusion there was any causal connection between his accident and his death." In the course of the findings of fact and award the hearing director showed conclusively that he applied the strict rules covering compensation for hernia cases (Code § 114-412), whereas the deceased died of coronary occlusion. In such case it is necessary to show the relation between the accident and the operation on the one hand, and the operation and coronary occlusion on the other hand. Such shows that the hearing director made a mistake in considering the facts. In such event it is within the jurisdiction of an appellate court to remand the case to the State Board of Workmen's Compensation for further consideration. See *Glens Falls Indem. Co.* v. *Clark*, 75 *Ga. App.* 453, 458, supra, and the many cases cited therein regarding reversal of an award by the State Board of Workmen's Compensation. See also *Liberty Mutual Ins. Co.* v. *Harden*, 85 *Ga. App.* 830, supra; *United States Cas. Co.* v. *Matthews*, 35 *Ga. App.* 526, 527, supra. The record of this case, as it is now before the court, shows sufficient misunderstanding or mistake or misinterpretation of the facts applied as a basis of the award for this court to reverse the Superior Court of Fulton County with direction that the case be remanded to the State Board of Workmen's Compensation to make an award based on the actual facts, rather than on a mistake of facts, as it appears was done when the case was before the State Board of Workmen's Compensation.

The court erred in affirming the findings of fact and award of the State Board of Workmen's Compensation.

*Judgment reversed with direction. Townsend and Carlisle, JJ., concur.*