38127. GENNETT LUMBER COMPANY *v.* STANLEY *et al.*

GARDNER, Presiding Judge. A deputy director of the State Board of Workmen's Compensation made a finding of fact and award in favor of the claimants who filed the claim which arose out of the death of D. C. Davenport on April 25, 1958. The claimants, Mr. and Mrs. W. S. Stanley, are an uncle and aunt of the deceased employee of the Gennett Lumber Company. Upon hearing before the full board the findings of fact and award of the deputy director were affirmed, with a dissenting opinion by the chairman of the board. The case went to the

Superior Court of Gilmer County where the award was again affirmed.

Counsel for the employer contend that sufficient notice was not given to the employer. The testimony as to the exact date of the alleged injury is conflicting and does not affirmatively show the exact date of the injury. Alice Stanley, one of the claimants, testified that she was not sure when the injury occurred. In at least one place in her testimony she testified that it happened in February and in another place she testified that it happened in March. This apparently was dependent upon whether she was questioned on direct examination or on cross-examination. From the record before us it is impossible to determine with any degree of accuracy as to just when the alleged injury occurred. For this reason we will not rule on whether or not sufficient notice was given to the employer.

In order for an injury to be compensable under the provisions of the law applicable to workmen's compensation, there must be some competent evidence to warrant the finding that the injury to the deceased contributed to his death. Of course it is elementary that an alleged injury must arise out of and in the course of employment in order to be compensable. The autopsy showed no evidence of injury to the brain. The first opportunity for a physician to examine the deceased was after the deceased was in the hospital in an unconscious and partially paralyzed condition, and therefore unable to give a history of the injury. The testimony of the doctors shows that none of them were of the opinion that the alleged injury was a causative factor involved in the death of the deceased. There is some testimony to show that the existence of an intervening cause could very well have been a contributing factor in the death of the deceased. In *Liberty Mut. Ins. Co.* v. *Harden*, 85 *Ga. App.* 830 (70 S. E. 2d 89), this court held, as has many times been held before, that the burden of proof is on a claimant to show that an injury which occurred to an employee in the course of his employment was the proximate cause of the death of such employee. We do not believe that there is any testimony in this record to meet this test. For this reason we think that the deputy director and the full board erred in the findings of fact in favor of the claimants and against the employer, and that the Superior Court of Gilmer County erred in affirming same.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 5, 1960—REHEARING DENIED APRIL 28, 1960.

*Frank Love, Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Sam P. Burtz,* contra.