### 38384. MAYOR &c. of ATHENS v. COOK.

CARLISLE, Judge. 1. Where, upon a hearing before the Deputy Director of the State Board of Workmen's Compensation of a claim by the widow of a deceased employee for compensation on account of such employee's death, the evidence shows that such employee was working as a common laborer moving dirt and rocks in connection with the opening of a ditch for the placement of a water main; that on being called to return to work on a warm day in May after a one-hour lunch period he arose, picked up his shovel, and proceeded from the place where he had eaten lunch toward the place where the work was to be done, walking alongside of the ditch; that while so proceeding he collapsed and fell backward into the ditch which was some five or six feet deep, striking his head on a rock; that he was removed from the ditch in a semiconscious condition and carried to a hospital where he was pronounced dead, such evidence, showing an injury, continued disability and almost immediate death, was sufficient to raise an inference that the employee's death was the result of an accidental injury sustained by him while on the job, and the

burden then fell upon the employer "to prove as a matter of affirmative defense, that some intervening or pre-existing agency was the cause of his death," and that neither the exertion engaged in by the employee in performing his work nor the injury sustained in the fall into the ditch was the cause of his death. *Royal Indemnity Co. v. Land*, 45 Ga. App. 293 (164 S. E. 492); *Davis v. Bibb Mfg. Co.*, 75 Ga. App. 515 (43 S. E. 2d 780); *U. S. Casualty Co. v. Kelly*, 78 Ga. App. 112 (50 S. E. 2d 238); *Davis v. Atlantic Steel Corp.*, 91 Ga. App. 102 (2) (84 S. E. 2d 839); *Armour & Co. v. Cox*, 96 Ga. App. 829 (101 S. E. 2d 733).

2. Where, in a case of the nature above indicated, the employer's expert medical witness who performed an autopsy on the deceased testified that he found several old healed infarcts in the heart of the deceased with a recent infarct which, in his opinion, was the cause of the deceased's death and which probably in connection with the natural processes of digestion caused a deprivation of the necessary blood supply to the cardiac muscle causing it to die (a heart attack), and where he admitted on cross-examination that the exertion engaged in by the employee in the performance of his work could have been a factor in bringing on the heart attack and that the fall by the deceased into the ditch and striking his head on a rock therein could have also precipitated such an attack, and where he further testified in substance that he just didn't know what factors could have caused the heart attack, such testimony was not sufficient to *require* the full board in hearing the case on appeal from the award of the deputy director denying compensation to find that the employer had carried the burden of showing that an intervening or a pre-existing agency was the cause of death.

3. Accordingly, the finding of the board that the deceased suffered an injury arising out of and in the course of his employment and that such injury produced his death, either directly or aggravated a pre-existing condition which produced his death, while not demanded, was at least authorized by the evidence set forth above, and the judge of the superior court did not err in affirming the award of the majority of the full board.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

190

Decided July 13, 1960.

*James Barrow,* for plaintiff in error.
*Guy B. Scott, Jr.,* contra.