40780.   AETNA CASUALTY & SURETY COMPANY et al. v. STRICKLAND.

DECIDED SEPTEMBER 8, 1964.

Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, L. J. Bennet, for plaintiffs in error.

Albert E. Butler, contra.

NICHOLS, Presiding Judge.   ■   The basic area of contention by defendants in this case is in the finding of fact by a majority of the full board that "after admission to the hospital the claimant was operated on because of the history of the accident" and "the majority of the full board finds that the operation was performed as a result of the injury and the disability was the natural result of the operation." The defendants further contend that Dr. Galloway (the only medical witness) unequivocally stated that, in his opinion, there was no relationship between the alleged accident and the operation which he performed, and defendants also contend that the record in the case clearly shows

that the operation was not performed as a result of any trauma or physical injury but was the result of a diagnosis of appendicitis.

It is true that Dr. Galloway (the only medical witness) did testify that it was his expert opinion that there was no causal relationship between the condition of claimant's lymph glands, which he found after the operation, and the alleged trauma that claimant says he received as a result of the blow to his stomach, but the doctor also testified that claimant was operated on because of the symptoms that arose from the accident, as related to him by claimant, coupled with the symptoms that he found, plus the findings of claimant's blood count and X-ray findings, all considered together, but not alone, formed the basis for his diagnosis and precipitated the operation. Therefore, the majority of the full board was authorized to find that claimant's history of the accident, as related to the doctor by claimant, was some evidence that same was at least a contributing factor, along with his own physical examination and clinical findings, towards the doctor's final diagnosis and ultimate decision to operate; and (2), that the incisional hernia, following the operation, was a direct result of the re-opening of the incision brought on by the operation and claimant's subsequent attack of asthma.

■ Defendants also contend that the award and subsequent judgment of the Superior Court of Glynn County, affirming the majority of the full board's award, is contrary to law, and in support of this contention cite the case of *Parks v. American Fidelity &c. Co.*, 97 Ga. App. 833 (104 SE2d 624). The *Parks* case, supra, is distinguishable on the facts. The *Parks* case dealt with an employee who had died of a coronary occlusion while undergoing surgery for a hernia. In that case there was no showing of any causal relation between the accident and his death. The holding in that case was that the surgery did not precipitate or contribute to the coronary occlusion from which he died. In the case sub judice, readily conceding that the doctor's testimony is conflicting, he nevertheless did testify, as pointed out in the first division of this opinion, that claimant's account of his injury (blow to his stomach) was at least a contributing factor or cause in the doctor's diagnosis and ultimate

decision to operate. Moreover, where as in this case, there is a conflict in the evidence of nonexpert witnesses furnishing proof of facts and circumstances from which it may be reasonably inferred that the blow which claimant testified he received on the job contributed to his injury and there is testimony of an expert medical witness to the contrary, it is a question of fact for the determination of the Board of Workmen's Compensation as to which conclusion is correct. *Armour & Co. v. Cox,* 96 Ga. App. 829, 831 (101 SE2d 733); *Travelers Ins. Co. v. Thornton,* 119 Ga. 455, 456 (46 SE 678); *Manly v. State,* 166 Ga. 563, 566 (19) (144 SE 170); *Autry v. General Motors &c. Plant,* 85 Ga. App. 500 (69 SE2d 697). "The deputy director, as the trier of fact, is not bound to accept the opinion or theory of any particular medical witness; and the jury is not bound by the opinions of expert witnesses. *Boyd v. State,* 207 Ga. 567 (1) (63 SE2d 394); *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101)." *Thomas v. United States Cas. Co.,* 218 Ga. 493 (3) (128 SE2d 749).

Accordingly, the trial court did not err in affirming the award of the majority of the full Board of Workmen's Compensation.

*Judgment affirmed. Hall and Russell, JJ., concur.*