41863. ZURICH INSURANCE COMPANY et al. v. HIGHTOWER et al.

ARGUED MARCH 7, 1966—DECIDED APRIL 20, 1966.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson Cox,* for appellants.

*C. C. Pittman, David N. Vaughan, Jr.,* for appellees.

FRANKUM, Judge. Walter Hightower, while in the employ of Canton Poultry, Inc., sustained a compensable injury to his left side, arm and shoulder on January 2, 1964, when he tripped over a stool and fell. His disability as a result thereof began on January 11, 1964. Except for January 17 and 18, 1964, when the employee worked and was paid, he was continuously

disabled until about March 15, 1964. He returned to work and worked two days in March, suffered a coronary occlusion and was hospitalized for about 10 days. He left the hospital and went to the home of his daughter and son-in-law where he stayed for about a week, growing continually worse, and on April 5, 1964, his son-in-law had him returned by ambulance to the hospital where he died about 45 minutes to one hour after being re-admitted. His widow, on behalf of herself and two minor children, applied for compensation. The deputy director, after hearing evidence, made an award granting compensation. The board adopted his findings and award, and this award was affirmed by the superior court. The employer and insurance carrier, in their appeal to this court, contend that the evidence did not authorize the award of compensation, and that the award should be set aside because it shows on its face that it was based upon an erroneous legal theory.

In making their findings of fact the board found, among other things, that the employee was disabled during the interval between the time of his injury and death, that a presumption thereby arose that the injury was the proximate cause of his death, and that the defendants had not adequately rebutted that presumption or shown that the death of the employee was proximately caused by something other than the injury. It is this finding which forms the basis of appellants' contention in this court that the award was based on an erroneous theory of law.

The physician who attended and treated the employee for the injury which he sustained while on the job and who also attended him during his hospitalization and saw him when he was re-admitted the day he died, testified that in his opinion the cause of the employee's death was a coronary occlusion, that he made this assumption based on the fact that the employee had swelling of his lower extremities and shortness of breath which are recognized symptoms of coronary occlusions, and that he entered that on the death certificate as the cause of death, based solely on these facts and without performing an autopsy. While the evidence was somewhat skimpy as to the employee's activities between the date of his injury and the date of his admission to the hospital on account of his first heart

attack, because no witness who lived with him or was regularly in his company testified, the employee's son-in-law did testify that he went to see him almost daily after he got hurt, and that the employee got worse and worse; that after he was injured he first walked to the doctor, but then got to where he was unable to walk and had to be carried to the doctor, and that this was "because his feet swelled up on him" and "he got to where he would get out of breath to do anything." This witness further testified that he had known the employee for five years; that prior to his injury he had always been able-bodied, had never missed working except for minor things like having a cold; that he was able to do strenuous manual labor, and that he was not able to do that after his injury. This testimony, together with the testimony of the medical expert, as to the cause of death, authorized the board to infer that the employee began to show symptoms of heart disease almost immediately after his injury, and that these symptoms continued and persisted until they culminated in his first heart attack and subsequently resulted in his fatal illness. This was sufficient to create a presumption of a causal connection between the employee's injury and his death and to cast the burden upon the employer of showing as a matter of affirmative defense that some intervening or pre-existing agency was the cause of his death rather than the injury. *Royal Indem. Co. v. Land*, 45 Ga. App. 293 (164 SE 492); *U. S. Cas. Co. v. Kelly*, 78 Ga. App. 112 (50 SE2d 238); *Lockheed Aircraft Corp. v. Marks*, 88 Ga. App. 167, 173 (76 SE2d 507); *Davis v. Atlantic Steel Corp.*, 91 Ga. App. 102 (84 SE2d 839); *Armour & Co. v. Cox*, 96 Ga. App. 829, 831 (101 SE2d 733). The board was authorized to find that the defendants had not carried this burden.

Evidence that the employee had gone back to work for two days in the middle of March merely created an issue of fact as to whether the employee was continuously disabled from the date of his injury until his death, and it cannot be said, under all the facts appearing in this case, that the board was not authorized to find that he was continuously so disabled. *New Amsterdam Cas. Co. v. Brown*, 91 Ga. App. 12 (2) (84 SE2d 594).

While there was expert medical testimony introduced appar-

ently for the purpose of establishing a causal relation between the injury and the death of the employee, and while this evidence showed that the opinion of the witness was based upon a hypothetical question which was not referable to the proven facts, the board's award does not show that it was based in any manner on this evidence, and its introduction is, therefore, no cause for a reversal of the case since the board is presumed, in the absence of a showing that the contrary is so, to have based its award only on legal evidence having probative value.

*Judgment affirmed.  Felton, C. J., and Pannell, J., concur.*