42947.   FOWLER v. CITY OF ATLANTA.

ARGUED JULY 6, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 21, 1967—

*Greene, Buckley, DeRieux, Moore & Jones, James H. Moore*,
for appellant.
*Henry L. Bowden, Robert A. Harris*, for appellee.

FELTON, Chief Judge.  The sole question in this compensation case is whether there is a presumption or authorized inference that a compensable injury was a contributing cause of the employee's death while he was still receiving compensation provided in an approved agreement, which, of course, stands on the same footing as an award.

The only evidence touching upon the question of cause of death was a death certificate, which showed the cause of death to be "papillary adenocarcinoma of lung."  The board found that, where an employee dies while entitled to workmen's compensation, a presumption arises that his death resulted from the accident and injury for which the employee was being paid at the time of his death.  This statement of the law is incorrect. We are not aware of a ruling in any case which is susceptible to such a construction.

It is true that this court, in *Lockheed Aircraft Corp. v. Marks*, 88 Ga. App. 167 (76 SE2d 507), made an incorrect statement,

which is almost equivalent to what the board held, and we take full responsibility for the misleading and erroneous statement, even though only two judges concurred in that opinion and judgment. The erroneous statement in the *Marks* case, supra, pp. 172-173, is as follows, omitting citations: *"Where an employee, after sustaining an accidental injury* arising out of and in the course of his employment, *is disabled continuously until the time of his death shortly thereafter* [citations], or where expert opinion is submitted to the effect that the injury sustained had some connection with the subsequent death of the employee [citations], there is ordinarily a natural and reasonable inference, sufficient to support a finding by the board, that the accidental injury was the proximate cause of the employee's death, in the absence of other than conjectural evidence to the contrary." (Emphasis supplied.)

The italicized portion of the above quotation from *Marks* is not supported by any case cited in connection therewith. It is incorrect because such facts alone will not authorize "a natural and reasonable inference, sufficient to support a finding by the board, that the accidental injury was the proximate cause of the employee's death, in the absence of other than conjectural evidence to the contrary." The statement is wrong because the facts of injury, continuous disability and death do not necessarily furnish evidence of sufficient probative value to authorize the stated permissible inference. An injured employee's death could be due to innumerable causes which have not the remotest connection with the injury. The mere facts of injury, continued disability and death do not in and of themselves contain one iota of evidence of any probative value whatsoever as to the cause of death.

The statement is wrong also because it places upon the employer and insurance carrier the burden of proving the cause of death, whereas the only duty of the employer and insurance carrier is to rebut the evidence of a claimant which has sufficient probative value to authorize a finding that the death is compensable. "In order for a death to be compensable to a dependent under the provisions of the Workmen's Compensation Law, it must result instantly from an accident . . . , or later

result proximately therefrom; and the burden of proof is on the claimant to show that the death so resulted." *Johnson v. Fireman's Fund Indem. Co.*, 79 Ga. App. 187 (1) (53 SE2d 204); *Liberty Mutual Ins. Co. v. Harden*, 85 Ga. App. 830 (2) (70 SE2d 89). The statement in *Zurich Ins. Co. v. Hightower*, 113 Ga. App. 503, 505 (148 SE2d 464), that the evidence was sufficient to create a presumption, was used (unfortunately) in the sense that the evidence "authorized an inference," rather than that there was a true presumption. Where there are facts which authorize an inference, no presumption to authorize the inference is necessary. It is best not to confuse the meanings of the terms. The insinuation in *Marks*, that the injury plus continued disability and death create a prima facie presumption, will not be followed, since that was a two-judge case. The statement in *Davis v. Atlantic Steel Corp.*, 91 Ga. App. 102 (84 SE2d 839), to the effect that a presumption was established, will not be followed, since only two judges concurred in the rulings made— one judge concurring in the judgment only. The death certificate and the cause of death stated therein were insufficient to show that there was any contribution by the injury to the death of the employee.

The court did not err in reversing the award of the board.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*

ON MOTION FOR REHEARING.

The motion requests a remand to the board for the purpose of the introduction of medical testimony on the question of causal connection between the injury and death of the employee in view of the statements by this court concerning its part in the erroneous statements in the decisions cited. If the claimant had not already been given the opportunity to do exactly what she now asks for we would be inclined to grant the request for an opportunity to present medical testimony which would authorize or tend to authorize a finding for the claimant. However, the board has already remanded this case to the deputy director for this very purpose. In the order of remand the board stated: ". . . no medical evidence was introduced touching on the question of intervening causes of death or causal connection. In view of the above, the majority of the board desires to have ad-

ditional testimony concerning these questions." In spite of this action the claimant chose to rely solely on the presumption theory and offered no medical testimony in response to the remand of the case. In view of the fact that the claimant was given an opportunity to base her case on the proper theory rather than speculate that the board would take action different from what was indicated by the remand order we do not think that another remand is in order despite the fact that the board on review decided differently from what was indicated in the order of remand by the board.

*Rehearing denied.*